## Jones v. Nebraska City.

1. POWER OF SCHOOL BOARD : *To remove teachers.* A statute empowering a school board to employ teachers and remove them at pleasure, enters into and forms part of a contract made by the board with a teacher for his services for one year ; and he may be discharged within that time notwithstanding the terms of his employment.

2. JURISDICTION : *To inquire the cause of removal.* The court has not jurisdiction to inquire the cause of the removal, nor whether the cause alleged be sufficient.

This was a petition in error filed to review a judgment of the District Court for Otoe county. The facts are sufficiently stated in the opinion.

*I. N. Shambaugh* for Jones, plaintiff in error, among others not considered by the court, argued the following points :

II. The contract was for one year's service for a fixed price for the term. It was an entire contract, and the defendants could not without some fault or misconduct of the plaintiff discharge him and terminate the contract before the end of the school year, and having dismissed the plaintiff before the end of the term and prevented him from rendering the service stipulated for the defendants, are liable to him for the balance of his year's wages which remains unpaid.—2 *Parsons on Contr.* 41 *and note ;* 22 *Ill.* 63 ; 28 *Ill.* 257 ; 2 *Parsons on Contr.* 34, *note I and cases cited* ; 9 *Mo.* 218 ; 3 *Mo.* 230, 233 ; 4 *Mo.* 41 ; 2 *Denio* 619 ; The case in Denio is directly in point, 20 *Vt.* 487 ; 9 *U. S. Digest* 393 *Sec.* 10 ; 3 *Greenleaf (Maine)* 450 ; 1 *McAll (Cal.)* 505 ; 18 *U. S. Digest* 54.

III. In such cases the measure of damages is the contract price, unless the defendants show that during the time he was prevented from fulfilling his contract he was otherwise employed, or was offered employment of a similar kind in the same place. The burden is on the defendants to show

JONES *v.* NEBRASKA CITY.

this, and when shown it goes in reduction of the plaintiff's demand to the extent of the wages he has otherwise earned or might have earned. *Sedgwick on the Measures of Damages* 221; 2 *Denio* 609.

IV. The 14th section of the act concerning the schools in Nebraska city, did not authorize the Board of Education to dismiss the plaintiff before the end of the term for which he was hired. Standing by itself it confers no such power; but taken in connection with section 6, of the general law concerning schools, and it is clear that the dismissal could only be made for some fault or misconduct of the teacher. Section 19 of the school law of Nebraska city, makes the general school law applicable to the city — statutes in *pari materia* are to be taken together.—*Sedgwick on Statutory and Con. Law* 247.

The construction contended for by the defendants would destroy the school system.

V. But if the statute conferred the power of dismissal at pleasure, the Board of Education waived the right to exercise the same by employing the plaintiff for a stated term. *Sedgwick on Statutory and Con. Law* 109 *and* 110; 2 *Comstock* 464; 3 *Comstock* 197.

VI. The right to dismiss at pleasure is claimed under a private act, of which the plaintiff had no notice, and by which he is not bound or concluded.—*Sedgwick on Statutory and Con. Law* 35.

VII. Corporations incur the same liability for their acts as private individuals.—21 *Vt.* 102; 1 *Smith, Wis.* 98; 17 *Penn. S. R.* 406; 13 *U. S. Digest*, 134, *Sec.* 9.

Mr. *Archbold*, upon a brief filed by himself and Mr. *McLellan*, maintained for the defendant in error, that the law of the land enters into and forms part of every contract, whether made by natural persons or by corporations. But individuals may contract at their discretion about anything innocent or not forbidden by law. And the law so

[S. C. N.]          12

far enters into the contract as to compel its fulfillment. But corporations, such as these defendants, can make no contracts, unless authorized by direct enactment or necessary implication. See *Dartmouth College* v. *Woodward*, 4 *Peters' Cond. Rep.*, 543.

This distinction is of less consequence in this case, because the contract on which the plaintiff relies is in the very teeth of the statutes, not merely unauthorized. See 11th sec. of act of Feb. 12th, 1866, Statutes of Nebraska, p. 694. Also, the first clause of the 14th sec. of same act, p. 694. Also, the fourth clause of the last mentioned section of same act, p. 695, Also, the 6th sec. of the act concerning Schools, Statutes of Nebraska, p. 353.

This last mentioned section of our Statutes is identical with the 6th section of the Statutes of Ohio, on the same subject, passed March 14th, 1853. See Swan's Statutes of Ohio, edition of 1854, p. 837.

CROUNSE, J.

The plaintiff alleges that he was duly employed by the Board of Education of Nebraska City, as principal, to teach the High School in said City for a period of ten months for a salary of fifteen hundred dollars, and that after teaching six months, said Board, without reasonable or sufficient cause, stopped the schools and dismissed the plaintiff, paying him for the six months at the rate of one hundred and fifty dollars per month. This action was brought to recover damages for such dismissal. To the petition a demurrer was interposed, which was sustained.

Were this an action between private individuals no question could arise; but can it be maintained in this case? We think not. The right of the defendants to employ teachers is given by an act of the Legislature, passed at a session thereof had in 1866, which is referred to in plaintiff's peti-

tion. That act, among other things, empowers the Board of Education "to contract with and employ all the teachers in the several schools therein" (in the City), "and at their pleasure to remove them." What was the occasion or reason for closing the schools and dismissing the teachers employed, we are not to inquire. It is enough that the discretion and power is vested with the Board of Education. Contracting with public officers, the plaintiff is presumed to know the extent of their authority and the special powers given to them. This law authorizing the employment of teachers, entered into and formed part of the contract. To say that the plaintiff could only be discharged for good cause, is to declare this provision of the act unimportant; that it confers no greater or other right than that which exists outside of it. It is scarcely necessary to refer to the propriety and importance of the provision under consideration. With a Board of Education rests a high responsibility. The qualifications for a successful teacher are various. The considerations which might move a Board of Education, who are presumed to act for the best interests of the community they represent, in the exchange of teachers, may be good and proper, and still not sufficient in law. To act in such cases upon the hazard of being endorsed by the verdict of a jury would be very embarrassing.

The judgment of the District Court must be affirmed.

Judgment affirmed.