## MAUD WALLACE V. SCHOOL DISTRICT NO. 27, SALINE COUNTY.

FILED JANUARY 7, 1897.    No. 6902.

1. **Schools and School Districts: TEACHERS: CONTRACTS OF EMPLOY-MENT.** Plaintiff entered into a written contract of employment as teacher with a school district for the term of three months, commencing at a stated time, with option to her to teach the school year if satisfaction was given. She taught under the contract the three months, exercised the option given her, and remained in the employ, without objection, another three months, when she was discharged without good or sufficient cause, before the close of the school year. *Held,* That the services rendered after the first three months were performed under said contract, and a new written contract was not necessary to bind the district for the entire school year.

2. —— ——: ——. In the absence of a stipulation in the contrac to the contrary, under the existing statute, a qualified teacher cannot be discharged at the pleasure of the district, but only where just cause exists therefor.

3. ——: ——: ——. *Jones v. City of Nebraska City,* 1 Neb., 176, distinguished.

4. ——: ——: ——. If a teacher duly employed in the public schools for a specified period is dismissed by the school board prior to the expiration of the term of employment, without being shown to be incompetent, or for other good reason, the district is liable therefor.

5. ——: ——: ——: PLEADING. *Held,* That the petition stated a cause of action.

ERROR from the district court of Saline county. Tried below before HASTINGS, J. *Reversed.*

*F. I. Foss, O. M. Quackenbush,* and *W. R. Matson,* for plaintiff in error.

*Hastings & McGintie* and *A. S. Sands, contra.*

NORVAL, J.

This is a petition in error to review the judgment of the district court sustaining a general demurrer to plaintiff's

petition, in an action by a school teacher against a school district for the alleged breach of contract of employment. Plaintiff alleges in her petition that she is and was a qualified teacher of Saline county; that on the 7th day of September, 1891, she entered into a written contract with the defendant to teach its school for the term of three months, commencing on said date, with privilege of school year of nine months providing satisfaction was given, for which service defendant agreed to pay her the sum of $40 per month; that in pursuance of said contract she taught defendant's school for six months, that being the fall and winter terms; that in the month of March, 1892, and a few days prior to the close of the winter term, all the officers of the defendant came to plaintiff and agreed that she had given good satisfaction, and it was then and there agreed between plaintiff and defendant that she should teach the balance of the school year, the spring term of three months, under the written agreement then in force, commencing on March 14; that a few days prior to said date plaintiff's mother was taken violently ill, of which fact defendant was apprised by plaintiff, and at her request a few days' delay was granted by the defendant to commence the school; that on the 15th day of March defendant discharged plaintiff and refused to permit her to further perform said contract, and without any reasonable cause or excuse refused to allow plaintiff to continue in the employ as agreed, although she was ready and willing to commence at once, and immediately so informed the officers of the district; that she made all proper and reasonable endeavor to secure other employment, but was unable to do so, to her damage in the sum of $120. The contract attached to and made a part of the petition is as follows:

"This agreement, entered into this 7th day of September, 1891, between school district 27 of Saline county, Nebraska, and Maud Wallace, a qualified teacher of said county, witnesseth: That the said Maud Wallace agrees to teach the school of said district in a faithful and effi-

cient manner for the term of three (3) months and privilege of school year, providing satisfaction is given, commencing on the first Monday in September, 1891, and agrees to keep herself qualified and agrees in all things to observe the rules and regulations of the district board. In consideration whereof said school district agrees to pay said Maud Wallace the sum of $40 per month for said services, and agrees to keep the schoolhouse in good repair and provide necessary fuel; provided, that in case said Maud Wallace shall be discharged for sufficient cause by the district board, or shall have her certificate annulled, she shall not be entitled to any compensation from and after such dismissal or annulment.

"In witness whereof, we have hereunto subscribed our names this 7th day of September, A. D. 1891.

"E. A. ALLEN, *Director.*

"MAUD WALLACE, *Teacher.*

"Approved:

"A. LUNDY, *Treasurer.*"

It is contended by counsel for defendant that the contract limits the term of employment to a period of three months, commencing on the first Monday in September, 1891, and that neither party was bound at the end of that time unless a new contract in writing was entered into. It is true that the contract fixed definitely the time plaintiff should teach in the first instance at three months, and her services could not have been demanded by the district after that period without she exercised the privilege or option given by the contract; but it does not follow that a new contract in writing was necessary to entitle her to longer remain in the employ of the defendant. It was expressly stipulated at the time of the hiring that she should have the privilege of teaching the school year, which, the petition avers, was nine months, in the event she gave satisfaction. This option, the petition shows, she exercised, and the defendant accepted her services under the contract for six months, the officers of the district representing that she had given good satisfaction.

There was no want of mutuality when she availed herself of the option and continued to render services, which were accepted, beyond the three months' term. After that she was under obligation to continue to teach the entire school year, and the defendant was likewise bound to pay her the contract price. Her services rendered beyond the term of three months were not performed without any written contract, but under and in pursuance of the one above set out. No new or additional written agreement was required to bind either party. (Clark, Contracts, sec. 936.)

It is said plaintiff did not tender her services to the district for the time for which she seeks to recover, nor did she go to the schoolhouse to continue her employment. The petition avers that she requested the members of the board to permit her to so do; that they refused and informed her they would oust her from the building if she attempted to teach. This shows a sufficient offer to perform the contract on her part.

Another contention is that a school district has the power to discharge a teacher at any time, and when it exercises that right its decision is final and conclusive. On this question we are cited to *Jones v. City of Nebraska City*, 1 Neb., 176, and *Bays v. State*, 6 Neb., 167. The first case was founded upon a statute not now in existence, which in express terms conferred authority upon school boards to remove teachers at pleasure, and the court rightly held that this law entered into and formed part of the contract of hire, and that the teacher could be discharged by the board before the expiration of his employment, whether sufficient cause for dismissal existed or not. The statute under which that decision was rendered not now being in force, the case is not a precedent for any holding that this plaintiff is not entitled to recover. The court in *Bays v. State, supra*, construed sections 45 and 56 of chapter 68, General Statutes. By section 45 a majority of the members of the, district board were empowered to "hire qualified teachers for and in the

name of the district," and by section 56 the board was
given "the general care of the school, and may establish
all needful regulations for the management not in con-
flict with rules prescribed by the superintendent." It
was held, as an incident to the powers invested in a school
board by said sections, that it had the right to dismiss for
incompetence or any other sufficient cause. LAKE, C. J.,
after quoting the sections referred to, observes: "This
language is somewhat general, but we think the authority
is clearly implied for the board to discharge a teacher
who, for any reason, is found to be incompetent. The
authority to terminate the employment of a teacher must
rest somewhere, and in the absence of an express provis-
ion on this subject it should, we think, be governed by
the general rule of the common law applicable in analo-
gous cases, and be held to reside with those whose duty
it is to represent the district in making the contract, and
who are directly responsible for the successful manage-
ment of the school. By the common law, if a servant
neglect the duties of his employment, or is incompetent
to perform them with reasonable skill, he may be dis-
charged at once, although hired for a definite time which
has not yet elapsed. And where a servant is formally
discharged, even although it be without adequate cause,
he cannot continue the service against the will of his
employer, but must seek redress by an action for dam-
ages." The sections of the statute under consideration
in that case, as respect the power of district boards in
the matter of hiring teachers and the management and
general care of the schools, are substantially the same
as section 11, article 4, and section 3, article 5, of our
present school law; hence, *Bays v. State* justifies the
conclusion that a school board may dispense with the
services of a teacher, if good cause therefor exists, prior
to the expiration of his term of employment, although
no such express power is given in the statute. The
question whether a teacher can recover damages against
the district for a wrongful discharge was not before

the court in the case in 6 Nebraska, nor was any opinion there expressed upon the question. Applying the rule of law which governs the breach of contracts for hire entered into between individuals, it is very evident that a school district is liable for the damages sustained by a teacher on account of being dismissed by the board where no good and valid ground exists for such discharge. The court must not be understood as holding that such an action can be maintained where the contract of employment authorizes the school board to dispense with the services of the teacher whenever it chooses to do so. This contract confers no such power upon the defendant. Plaintiff obligated herself to give satisfaction, and it is averred in the petition, and by the demurrer admitted to be true, that the members of the board informed her that she had given satisfaction.

It is further urged that the petition fails to allege that plaintiff was not discharged for good cause or incompetency, therefore it will be presumed that the board had good cause for its action; and there can be no recovery. Counsel for defendant must have misread the petition. It is there averred that the defendant, "without any reasonable cause or excuse whatever, refused to suffer this plaintiff to continue in its employ." This shows that the discharge was wrongful. We are constrained to hold that the petition stated a cause of action, and that the court erred in sustaining the demurrer. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.