STATE, EX REL. PAUL SUTTON, APPELLEE, V. ROY N. TOWL ET AL., APPELLANTS.

FILED NOVEMBER 16, 1934. No. 29046.

*Seymour L. Smith, A. C. R. Swenson* and *Harold C. Linahan,* for appellants.

*Dorsey & Baldrige* and *Benjamin S. Baker, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Day and Paine, JJ., and Yeager, District Judge.

Goss, C. J.

The respondents appeal from a judgment granting a peremptory writ of mandamus providing for the payment to relator of $2,485 unpaid salary as a member of the Omaha police department for a period during which he was suspended.

From July 16, 1928, to March 2, 1932, Paul Sutton, the relator, was a detective sergeant. On the last named date a written communication was served on him from John Hopkins, a member of the city council and superintendent of the police department, notifying him that he had been indicted by the federal grand jury for conspiracy to violate the national prohibition act and suspending him as such police officer until the indictment should be dismissed or until he should be acquitted. A copy of the communication was sent to the chief of police, who on March 8, 1932, in a communication to the city council, preferred charges against Sutton, calling attention to his indictment, saying that the charge impaired the detective's usefulness as a member of the police department, and that it was "necessary for the proper management of the police department, and the effective working and service thereof, that the said Paul Sutton be suspended from his office until the determination of the charge set forth in said indict-

ment." Hearings on the charges were duly postponed until March 19, 1932, when Sutton filed an answer alleging that the charges were insufficient, that the chief of police had no authority to hear the matter and to make the order of suspension, and that the council had no authority or jurisdiction to hear and determine the charges, and no power or authority to make an order of suspension on or under the terms of the charges filed. It was stipulated that relator admitted on the hearing that he was the Paul Sutton named in the indictment and that there was no further evidence on either side, but that at the conclusion of the hearing a motion was duly carried sustaining the charges against the relator.

On May 9, 1933, Sutton presented to the city council a written communication that on March 19, 1932, he had been suspended because indicted for conspiracy. It recited that later he had again been indicted for the same offense. This communication was accompanied by a certificate from the district court of the United States for the district of Nebraska showing that two indictments against him had been dismissed as to all defendants on April 21, 1933. He asked reinstatement to his old rank in the police department. On May 9, 1933, the city council acted favorably and restored him to the police department and to the rank he held at the time of his suspension.

On August 21, 1933, relator in writing made formal demand upon the mayor, city council and comptroller for his salary from March 2, 1932, to May 9, 1933, reciting that he was illegally suspended without his consent and over his protest, without a trial or hearing upon any charge of official misconduct.

Section 14-609, Comp. St. 1929, makes all members of the police department in metropolitan cities subject to removal by the city council in the same manner as provided for members of the fire department. Section 14-707 makes members of the fire department "subject to removal by the city council under such rules, and regulations as may be adopted, and whenever the council shall consider and

declare such removal necessary for the proper management or discipline, or for the more effective working or service of the fire department."

Ordinance 10817 of Omaha provides for trial of a member of the police department by the city council for (1) misconduct, (2) neglect of duty, (3) disobedience of orders, (4) incompetency, or (5) unfitness to be a member of the department. On the ground that none of these things were contained in the charge of the chief of police upon which he was tried, Sutton objected to the jurisdiction and authority of the council, as heretofore recited. But the ordinance failed to contain the additional calls of section 14-707, both of which were in the charges, that the suspension was (1) "necessary for the proper management" and for (2) the "effective working or service" of the department. The statute authorized the ordinance as far as the ordinance went, but these other provisions of the statute also remained in force. The city could not, by failing to include them in the ordinance, repeal them or make them inoperative. Whether a detective sergeant should be suspended as a member of the police department, while under indictment charging him with unfaithfulness in a matter so closely related to his official duties, was a judicial matter for the city council, sitting as a tribunal and peculiarly fitted by law to decide. We are of the opinion the charges were sufficient and that the city council had jurisdiction and authority to hear them.

It is further argued that the suspension was not legally effective because the council did not make or enter any order in respect thereto. It is admitted that the council adopted a motion that the charges be sustained. It was recorded on their minutes or journal of March 19, 1932. It has not the formality of an order of a court of record, but we think it is sufficient. A city council need not to be held to the particularity of a court of record. Sutton knew what the written charges were and what the order was. He took no appeal and indeed took no action until he had served another period after his reinstatement and

then had been dismissed along with other officers as a matter of economy. Of this later dismissal no complaint is made in this action.

We are of the opinion relator was legally suspended. It probably follows that he was not entitled to pay during the period of his suspension. At least there was no clear official duty to pay him as there might be in a case where he had served as an officer and his stated official salary was due him. It was a matter to be determined by the city council. He took no appeal from their decision. For his failure to follow this "plain and adequate remedy in the ordinary course of the law" mandamus is no substitute. The writ ought not to have been issued. Comp. St. 1929, sec. 20-2157; *State v. Fulton,* 118 Neb. 400, and many cases reviewed therein.

The district court erred in granting the writ. Its judgment awarding the writ is reversed, the writ quashed and the proceedings dismissed at relator's costs.

REVERSED AND DISMISSED.