J. F. Maura, Plaintiff and Appellee, *v.* Pension Board, etc., et al., Defendants and Appellants.

No. 7211. Argued April 2, 1936.—Decided April 29, 1936.

B. *Fernández García, Attorney General,* and *T. Torres Pérez, Assistant Attorney General,* for appellants. *Wilson P. Colberg* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The essential facts of this case are as follows:

The plaintiff and appellee is now, and ever since September 1, 1932, has been, the Registrar of the University of Puerto Rico, by virtue of a contract entered into between him and the Board of Trustees of the University, for one year, which has been renewed from year to year since the expiration of the original agreement.

Since July 1927, the Treasurer of the University of Puerto Rico, who is one of the defendants, complying with the orders of the Pension Board of the Insular Government Employees, has been deducting from the salary of the plaintiff as Registrar of the University the amounts fixed by Act No. 104 of September 2, 1925 (Session Laws, p. 948), which established

a fund for the retirement of the permanent officers and employees of the Insular Government of Puerto Rico. The deductions made to the plaintiff by the Treasurer of the University have been the same as those authorized by the act to be made to such insular employees as are entitled to the benefit of the retirement fund created by said act.

The plaintiff registrar maintains that he, as such Registrar of the University of Puerto Rico, is not bound to contribute with any part of his salary to the said retirement fund; and that the defendants are not authorized to make the deductions that they have been making in his case, for the following reasons:

"1. Because the plaintiff, as Registrar of the University of Puerto Rico, is not included in the Classified or Unclassified Civil Service of the Insular Government in accordance with the provisions of the Civil Service Act of Puerto Rico (Act No. 88 of March 11, 1931).

"2. Because the plaintiff, as registrar, is not a *permanent* officer or employee, as required by section 1 of the act to establish the retirement fund, that is, the aforesaid Act No. 104 of September 2, 1925.

"3. Because the plaintiff is not an employee of the Insular Government of Puerto Rico, as required by the Pension Act, but a contractual employee of the University."

The defendants and appellants argue that the Registrar of the University is a permanent employee of the Insular Government of Puerto Rico and is included in the Classified Civil Service; and that, therefore, he is bound by the laws in force to contribute, with the corresponding deductions from his salary, to the retirement fund.

Relying on the provisions of Act No. 47 of April 25, 1931, (Session Laws, p. 378), relative to declaratory judgments and decrees, the plaintiff petitioned the District Court of San Juan for a judgment declaring that the Registrar of the University of Puerto Rico was not bound to contribute any longer to the retirement fund, and that all the deductions theretofore made were illegal.

The registrar exhibited with his petition a letter from the Chancellor of the University notifying him that on May 25, 1935, the Board of Trustees had approved his appointment as registrar at a salary of $3,000 per annum during the fiscal year 1935–36; that the appointment was subject to the limitations prescribed by the Rules and Regulations of the University of Puerto Rico and of its Board of Trustees; and requesting him to fill in and sign the accompanying acceptance blank if the appointment under those conditions were satisfactory to him.

The district court rendered judgment in accordance with the prayer of the complaint, and thereupon the defendants took an appeal to this court.

Section 2 of Act No. 23 of 1935 (Session Laws 2, p. 126), which was passed during the second special session of that year, and which repealed Act No. 104 of September 2, 1925, provides (italics ours):

"Section 2.—The retirement of the *permanent officials and employees of the Insular Government of Puerto Rico* is hereby established. This Act shall cover all officials and employees of the classified and unclassified civil service of the Insular Government of Puerto Rico with the exception of the Justices of the Supreme Court, professors of the University of Puerto Rico, public-school teachers, members of the Insular Police and municipal employees."

The wording of the above section is identical with that of section 1 of the repealed act.

The text of the transcribed provisions is so clear that it requires no judicial construction. The retirement fund is established for the benefit of all permanent officers and employees of the Insular Government of Puerto Rico who are comprised in the Classified or Unclassified Civil Service of said Government; and any officer or employee answering that description, and who is therefore entitled to the benefits of the fund, is also covered by the provisions of the law which relate to the obligations imposed by the act, particularly the obligation to contribute to the creation and maintenance of

the retirement fund with the deductions authorized by section 13 of Act No. 23 of 1935, *supra*.

 This case presents a single question for decision, to wit: whether or not the Registrar of the University of Puerto Rico is a permanent officer or employee of the Insular Government of Puerto Rico, included within the Classified or Unclassified Civil Service of said Government.

The Civil Service Act of Puerto Rico (Act No. 88 of 1931, Session Laws, p. 534) divides the civil service into the Classified Service and the Unclassified Service.

Section 4 of that act includes in the Unclassified Service the following officers: Those appointed by the President of the United States or by the Governor; those elected by the people; those whose appointments are confirmed by the Senate; the employees of the Legislature; the Secretary of the Governor and a private secretary to the head of each executive department; not more than two assistant heads of each executive department; those whose annual compensation shall not exceed three hundred dollars; officers of the judicial service; not exceeding one stenographer or confidential clerk to each judge of a court of record and one to each district attorney.

Section 5 of the same act provides that the Classified Service shall comprise *all officers and employees of the Insular Government of Puerto Rico,* not specifically included in section 4.

Let us see now whether the office held by the plaintiff is included in either branch of the Civil Service of Puerto Rico.

It is evident that the said office is not included in the Unclassified Service.

Section 5 of the Civil Service Act sets forth two conditions for the inclusion of an officer or employee in the Classified Service.

(*a*) He must be an officer or employee of the Insular Government of Puerto Rico.

(*b*) Not included in the Unclassified Service.

The following words, which were written by the illustrious Chief Justice Marshal, will help us to determine whether the Registrar of the University is an "officer" or merely a "contractual employee."

"A man may certainly be employed under a contract, express or implied, to do an act, or perform a service, without becoming an officer. But if a duty be a continuing one, which is defined by rules prescribed *by the government, and not by contract,* which an individual is appointed by the government to perform, who enters on the duties appertaining to his station, without any contract defining them . . . it seems very difficult to distinguish such a charge or employment from an office, or the person who performs the duties from an officer." (Italics ours.) *United States* v. *Maurice,* 26 Fed. Cases, pp. 1211, 1214, No. 15,747.

The essential characteristics of a public office or position have been stated as follows:

"The term office means an employment on behalf of the government in any station or public trust, not merely transient, occasional or incidental;... A public office, on the other hand, is never conferred by contract, but finds its source and limitations in some act or expression of the governmental power. Where, therefore, the authority in question was conferred by a contract, it must be regarded as an employment and not as a public office." Mechem on Public Officers, secs. 1–9.

Since it has been admitted that the Registrar of the University renders his services to that institution by virtue of a contract which fixes one year for its duration and which provides that the appointment is made subject to the conditions provided by the Rules and Regulations of the University of Puerto Rico and of the Board of Trustees, among which conditions there is one to the effect that said board may remove from office any employee of the institution when in its judgment the convenience of the same so requires, we feel bound to hold, in accordance with the cited decisions, that the Registrar of the University of Puerto Rico is a contractual employee and not a public officer.

For an employee to be included in the Classified Civil Service, it is necessary, as we have already said, that he should be an employee of the Insular Government of Puerto Rico, not included in the Unclassified Civil Service. And in order that said employee may receive the benefits of the Retirement Act and be subject to the obligations imposed by it, his employment must be of. a permanent nature.

Let us first consider whether the plaintiff registrar is a permanent employee of the Insular Government of Puerto Rico.

On July 21, 1925, the Legislature of Puerto Rico passed Act No. 50 (Session Laws, p. 282), entitled "An Act to Reorganize the University of Puerto Rico."

By virtue of said act, the Board of Trustees was constituted a corporation under the name of "University of Puerto Rico," with all the faculties and powers usually granted to corporate entities. The government of the University of Puerto Rico is vested in the Board of Trustees, which is given, among others, the following powers:

"Section 7.—The Board of Trustees shall establish the position and fix the salary and emoluments of the executive head of the University, all heads of departments, professors, teachers, instructors, and other officers and employees."

Section 8 of said act gives power to the chancellor to appoint the officers and employees to positions established by the Board of Trustees, and it expressly provides that the appointments shall be subject to the approval of the Board of Trustees, and that *the said board shall have power to remove from office any employee of the institution when, in its judgment, the convenience of the institution so requires.*

The evident and clear purpose of the University Reorganization Act was to convert said institution into a juridical entity, different and separate from the entity "Insular Government of Puerto Rico," with ample power to function fully under the rules and restrictions imposed to its officers

and employees by the Board of Trustees and without being subject to the provisions of the Civil Service Act regarding the appointment and removal of employees. See *Vincenty* v. *Board of Trustees*, 45 P.R.R. 96.

The University of Puerto Rico has, among others, the power to make contracts; and in the exercise of such power, the Board of Trustees has provided that the offices established by it shall be filled by contracts for one year, wherein the employee accepts the appointment subject to the legal provisions which prescribe that the Board of Trustees shall have power to remove from office any employee of the institution when, in its judgment, the convenience of the University so requires. (Sections 2, 7, and 8 of Act No. 50 of 1925.) The appointment of the plaintiff registrar was made under those conditions. The Insular Government of Puerto Rico is not a party to the contract of services entered into by the registrar and the Board of Trustees. The relations between those parties must be governed by the terms of the contract. And the protection of the Civil Service Act can not extend beyond the limits established by the act itself.

Neither the office of registrar nor the term thereof is established by any act of the Legislature of Puerto Rico. It can not be said that the registrar appointed under the said conditions, acquires a tenure of office.

In *State ex rel. Sittler* v. *Board of Education*, 49 L.R.A. (N. S.) 62, the plaintiff, who had been employed under a contract which provided that she could be removed by the board at any time, upon thirty days' written notice, should her work be unsatisfactory, was removed from office. The court said:

"No provision in our statutes has been pointed out which would authorize the holding that a teacher in the public schools of this state has any tenure of office otherwise than as provided by the contract which he makes with the school officers. In the absence of some controlling provision of law, we know of no reason to build up around school officers any restrictions as to the form of contracts

which they may make with the school-teachers, or any restrictions upon their powers of removal. That, in the absence of some controlling provision of law, the authority to employ includes the power to dismiss, see 25 Am. & Eng. Enc. Law, 2d ed. 19; *People ex rel. Gilmour* v. *Hyde,* 89 N. Y. 11; *Wallace* v. *School Dist.,* 50 Neb. 171, 69 N. W. 772; *Loehr* v. *Board of Education,* 12 Cal. App. 671, 108 Pac. 327; *Harby* v. *Board of Education,* 2 Cal. App. 418, 83 Pac. 1082. This is especially so where the right is specifically reserved in the contract, as in this case."

The legal status of the Registrar óf the University of Puerto Rico is similar to that of the plaintiff in *Sittler* v. *Board of Education, supra.* There is no provision of law creating the office of registrar nor fixing the term thereof. Such term has been fixed by a contract; and in said contract the registrar states that he accepts the appointment subject to the laws and regulations which empower the Board of Trustees to remove him from office "when, in its judgment, the convenience of the same so requires."

The uncontroverted facts of the case at bar and the applicable laws and decisions lead us to conclude that the Registrar of the University of Puerto Rico is neither an officer nor a permanent employee of the Insular Government; that he is not included in any of the two services into which the civil service is divided, nor subject to the provisions of the Civil Service Act; and that the plaintiff is only a contractual employee of the Board of Trustees of the University of Puerto Rico, subject to be removed at the will of said board.

The plaintiff is not bound to contribute with any part of his salary to the retirement fund of the employees of the Insular Government; and, therefore, the defendants should refrain from making further deductions from his salary for the said purpose.

The judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.