RALPH E. AREHART, APPELLANT, V. SCHOOL DISTRICT NO. 8,
HITCHCOCK COUNTY, APPELLEE.

289 N. W. 540

FILED JANUARY 5, 1940.   No. 30725.

*Carl H. Swanson* and *J. F. Ratcliff,* for appellant.

*Butler, James & McCarl, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and JOHNSEN, JJ.

ROSE, J.

This is an action by Ralph E. Arehart, plaintiff, to recover from School District Number 8, Hitchcock county, defendant, $1,800 with interest for breach of his contract of employment as teacher and superintendent of schools.

Plaintiff entered into a written contract with defendant March 20, 1936, to serve as superintendent of defendant's schools for two years commencing September 7, 1936, at an annual salary of $1,800, and acted in that capacity for one year. The school board prevented him from performing the duties of his employment for the second year. These facts were pleaded at length in the petition in which it was alleged further in substance that plaintiff was a duly-qualified teacher, was ready and willing to comply with the contract during the second year and offered to do so. A copy of the contract is attached to the petition and provides that plaintiff shall not be entitled to compensation after his dismissal for cause.

The answer of defendant to the petition admits the execution of the contract and that the school board prevented plaintiff from teaching pursuant to its terms between September 6, 1937, and May 6, 1938, and alleges in effect that plaintiff and E. C. Pancoast, a teacher in defendant's high school, engaged in a fist fight in the superintendent's office in the school building; that the best interests of the schools required plaintiff's dismissal; that on April 5, 1937, at a regular meeting, plaintiff and Pancoast were summoned to appear before the school board at a hearing for the purpose of determining whether or not their misconduct required their dismissal in the interest of the public schools;

that they both appeared before the board and were accorded a fair and open hearing at which each told his story; that at the conclusion of the hearing the board unanimously determined that their services should be terminated at the end of the school year in May, 1937; that they were requested to resign, but refused to do so, and plaintiff was prevented by the board from teaching in defendant's district for the school year beginning September 6, 1937.

In a reply to the answer plaintiff admitted that an altercation between him and Pancoast occurred in the superintendent's office in the school building March 15, 1937, but alleged that Pancoast made an unlawful assault on plaintiff who engaged in the altercation only to the extent necessary to self-defense. Plaintiff alleged further in his reply that after the meeting April 5, 1937, the minutes of the board recited:

"As a result of fight in professor's office between R. E. Arehart and Edw. Pancoast the board heard Mr. Arehart's side of story and then Mr. Pancoast's side of story. After hearing both sides of story the board decided unanimously that both teachers should resign at end of school year."

The reply admits also that plaintiff and Pancoast were summoned before the board April 5, 1937, and that both then appeared and that the board determined that the services of plaintiff should be terminated at the end of the school year in May, 1937, but alleged that such action was arbitrarily taken because of the bias, unfairness and prejudice of the board, and was without authority of law and void.

Upon a trial of the action for damages on the issues raised by the pleadings, the district court excused the jury and ordered a dismissal. Plaintiff appealed.

On appeal plaintiff argues that the action of the school board in dismissing plaintiff before his term of employment expired was not final; that just cause for the dismissal was a question for the court; that the burden of proving justifiable cause for such action was on the school district; that in absence of such proof plaintiff is entitled to damages

for the wrongful termination of the contract. In connection with these propositions, plaintiff invoked the following rule:

"If a teacher duly employed in the public schools for a specified period is dismissed by the school board prior to the expiration of the term of employment, without being shown to be incompetent, or for other good reasons, the district is liable therefor." *Wallace v. School District,* 50 Neb. 171, 69 N. W. 772.

Plaintiff proved his qualifications to teach when employed. He proved also the making of the contract and a year's service pursuant to its terms. His testimony shows that he was present at the board meeting when requested to resign; that he appeared before the board at the hearing; that he told his story; that Pancoast appeared and told his side of the controversy; that the board requested both to resign.

There is no statute permitting the school board to dismiss duly-employed teachers at its own pleasure, but the power of the board to employ a teacher and to transact the business of the school district for school purposes implies the power to dismiss him for sufficient cause before expiration of the term of employment. *Bays v. State,* 6 Neb. 167; *Wallace v. School District,* 50 Neb. 171, 69 N. W. 772; *Baird v. School District,* 41 Wyo. 451, 287 Pac. 308, and cases cited therein. The contract provides by its own terms that plaintiff shall not be entitled to compensation after his dismissal for cause. This is recognized by both the law and the contract. Sufficient cause for dismissal by the school board was shown by plaintiff in his reply. While he called the fight an "altercation" in his reply and alleged that he participated therein only to the extent necessary to defend himself from an unlawful assault, he also pleaded in his reply a recital in the minutes of the board, after it heard both combatants, to the effect that they had a fight in "professor's office." The record contains no evidence whatever that plaintiff participated in the fight only to the extent necessary to protect himself from an unlawful assault

or that the board in dismissing him was prompted by prejudice, bias, caprice, fraud or by any other improper motive. The school board is a public body empowered by law to transact the business of the school district for school purposes. The members act in a representative capacity, not as individuals. Compulsory attendance of children of school age is required. Preparation for citizenship and right living is a mission of the public schools under the existing system of government. Whether misconduct of a teacher unfits him for such service is in the first instance a question for the school board having general control of school affairs in the interest of the public. In summoning a school-teacher for misconduct, in inquiring whether he is performing his contract and in determining his fitness for continued service, a school board acts in a quasi-judicial capacity and its dismissal is generally upheld after a hearing unless shown by the teacher to be fraudulent or otherwise without justification. In absence of a statute authorizing the dismissal of a teacher at the pleasure of the school board, a dismissal terminating a teacher's contract without sufficient cause is not beyond judicial scrutiny, as held in *Wallace v. School District,* 50 Neb. 171, 69 N. W. 772.

Plaintiff, the superintendent, admitted in his reply, and the evidence shows without contradiction, that he and Pancoast, a high-school teacher, had a fist fight in the office of the superintendent. The school building and the office of the superintendent were not constructed and equipped by the public for fist fights. Plaintiff used these public school facilities for an unbecoming private purpose inimical to the best interests of the public schools. The fist fight evidenced a lack of cooperation between the superintendent and a teacher in the high school and a want of discipline—important factors in school management. The example and influence of the fist fight were well calculated to lessen the respect of pupils for their teachers. Of course a different question would have been presented had the superintendent proved that he made only an effort to repel an unprovoked

and unlawful assault upon him by a teacher in a subordinate position, as pleaded in his reply.

As disclosed by the pleadings, the facts shown by the undisputed evidence and the law applicable thereto, plaintiff did not make a case for compensation after he was discharged. The trial court, therefore, did not err in dismissing the action.

AFFIRMED.