HERMAN LEWIS, APPELLANT, V. CITY OF OMAHA ET AL.,
APPELLEES.

43 N. W. 2d 419

Filed July 6, 1950.   No. 32757.

*Alfred A. Fiedler, Herbert S. Dolgoff,* and *Clarence E. Walsh,* for appellant.

*Edward F. Fogarty, Edward Sklenicka, James M. Paxson,* and *Herbert M. Fitle,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from an order of the district court for Douglas County dismissing the petition of plaintiff

in error praying that the findings and order of the city council of Omaha discharging him from the fire department of the city of Omaha be reversed and vacated, and that he be restored to his position in the fire department.

The complaint alleges in substance that on May 27, 1941, Herman Lewis, the plaintiff in error, violated section 3, chapter 7, Rules and Regulations of the Fire Department of the city of Omaha, which regulation provides: "In matters of general conduct, not within the scope of Department rules, members will be governed by the ordinary rules of good behavior observed by law-abiding citizens."

The evidence offered to sustain the complaint is substantially as follows: On May 27, 1941, police officers Vondrasek, McKay, and Trotter, who were assigned to the vice detail, were searching for an Indian girl, Tillie Monroe, who had been reported as a prostitute infected with a social disease. The purpose of the search was to induce a medical examination and treatment. The girl was found at the home of Herman Lewis, who will hereafter be referred to as Lewis. She was there employed as a housekeeper and as a governess for the minor children of Lewis.

The evidence shows that the officers came to the door, explained their mission, and were admitted to the home by Lewis. The officers talked to Tillie Monroe and obtained her consent to go with them for medical examination and treatment. The officers had no warrant and did not attempt to arrest the girl. The officers testify that while the girl was out of the room, preparing to leave with the officers, an altercation between Lewis and the officers took place. The officers testify that Lewis struck officer McKay, ordered them out of the house, pushed the officers about, and commenced a fight which required the officers to arrest Lewis and take him with them. The evidence of Lewis and his witness is in direct conflict with the evidence of the officers. We will not undertake to state it here. It was sufficient, how-

ever, if believed, to sustain a finding of innocence on the part of Lewis.

The findings and order of the city council dismissing Lewis from the fire department are reviewable on petition in error to the district court and on appeal to this court from the district court. State ex rel. Sutton v. Towl, 127 Neb. 848, 257 N. W. 263. It is urged, however, that the charge in the complaint was outside the scope of the controlling statute which provides in part: "All members or appointees of the fire department shall be subject to removal by the city council under such rules and regulations as may be adopted, and whenever the council shall consider and declare such removal necessary for the proper management or discipline, or for the more effective working or service of the fire department." § 14-704, R. S. 1943. It is contended that a fireman's conduct while off duty is of no concern to the city and that authority is lacking to suspend or discharge a fireman for conduct, while off duty, necessary for "the proper management or discipline, or for the more effective working or service of the fire department." We think a city under the quoted section of the statute is authorized not only to inquire into the private character and conduct of an applicant for a position on the fire department to determine whether they meet the standards required by the city of those seeking such employment, but to make such inquiries after employment at any and all times. A city is not required to keep persons in its employ whose conduct is embarrassing or inimical to the interests of the city. Kennett v. Barber, 159 Fla. 81, 31 S. 2d 44; Arehart v. School District, 137 Neb. 369, 289 N. W. 540.

In Herbert v. Atlantic City, 87 N. J. Law 98, 93 A. 80, it was said: "It is argued for the prosecutor that because he was not on duty at the time as a police officer when the episode related occurred, therefore, the quoted section of the statute is not applicable to him. In other words, the contention practically is that a police officer

when off duty may misbehave and misconduct himself as much as he pleases, namely, he may be engaged openly in conduct tending to reflect upon the morale and discipline of the police force and department, without being held to account for such misbehavior or misconduct. If this were so, then the discipline and morale of the police force, which the legislature evidently intended to secure by the provision of the statute referred to, is seriously threatened, and its efficacious object of requiring good behavior and denouncing misconduct of a police officer will be signally defeated."

We conclude that the regulation here involved was within the power of the city council to make and the council was authorized to hear, consider, and determine the charge made in the present case.

The action of the city council in finding against Lewis and dismissing him from service in the fire department is an administrative act, though quasi-judicial in character. The limit of judicial interference in such cases is to protect the member of the fire department in his right to a hearing on specific charges. If the order made by the council after hearing is not arbitrary or capricious, it will be sustained by the courts. The action of the council in the present case is supported by evidence. The fact that the evidence is very conflicting does not change the rule. There being evidence, if believed, to sustain the charge, we cannot say that the order of the council was arbitrary or capricious. In State ex rel. Sorensen v. Lake, 121 Neb. 331, 236 N. W. 762, this court quoted the following with approval: "'The judgment should be affirmed if all of the jurisdictional facts were established by any competent evidence, even though opposed by other and weighty evidence. In referring to the evidence as "competent" we mean evidence competent for that character of proceedings.'"

Ayers v. Hatch, 175 Mass. 489, 56 N. E. 612, states the controlling principle as follows: "The fact, however, that removals are to be for cause, repels the idea of removal

at pleasure, even though the sufficiency of the cause is for him to decide. The question then arises, what jurisdiction has this court in regard to removals? The answer it seems to us, is this. Cause implies, we think, a reasonable ground of removal, and not a frivolous or wholly unsatisfactory or incompetent ground of removal. If the cause assigned is a reasonable one, then, whether under the circumstances it is sufficient to justify a removal, is for the mayor to decide and his decision is final. But whether the cause assigned constitutes, of itself, as matter of law, ground for removal, is a question for this court to ·determine. In the present case the cause assigned was 'the good of the service,' and manifestly it seems to us, that was good ground for removal." See, also, Sullivan v. Martin, 81 Conn. 585, 71 A. 783; McNiff v. City of Waterbury, 82 Conn. 43, 72 A. 572, 135 Am. S. R. 247.

It is urged that Lewis had a personal right to do everything he did. While this statement is grounded on very conflicting evidence, it is not always a defense in cases of this kind, even if it be assumed to be true. A governmental subdivision has a right to select its own employees and it may, in proper cases, dismiss them for conduct which but for the employment the employees would have a perfect right to do. The holding of a position of fireman is not a matter of right. It is merely a privilege. The city council may, especially when authorized by law as here, make reasonable regulations governing the conduct of city firemen that may infringe upon personal rights which they might otherwise assert. The principle is summarized in the statement of Mr. Justice Holmes in McAuliffe v. Mayor and Board of Aldermen of New Bedford, 155 Mass. 216, 29 N. E. 517, wherein he said: "The petitioner may have a constitutional right to talk politics, but he has no constitutional right to be a policeman." Appellant has had no personal rights infringed upon by the order of the city council of which he can here complain.

It appears that the city council had jurisdiction of the subject matter of the complaint, and the evidence was sufficient, if believed, to sustain the findings and order of the council. This being so, the order of dismissal was not arbitrary or capricious. The order was therefore valid and beyond the power of the courts to change or modify on appeal. The trial court so held and it was correct in so doing. The judgment of the trial court is affirmed.

AFFIRMED.