C. HAROLD OSTLER, APPELLEE AND CROSS-APPELLANT, V. CITY OF OMAHA ET AL., APPELLANTS AND CROSS-APPELLEES.

138 N. W. 2d 826

Filed December 24, 1965. No. 35994.

Herbert M. Fitle, Walter J. Matejka, and Marchetti & Samson, for appellants.

Viren, Emmert & Epstein, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, and McCOWN, JJ.

SPENCER, J.

This is an appeal from an order of the district court for Douglas County sustaining a petition in error and reversing an order of the personnel board of the city of Omaha and remanding the cause for reconsideration.

C. Harold Ostler, hereinafter referred to as plaintiff, prior to March 10, 1964, was chief of police of the city of Omaha. On that date Chris Gugas, public safety director of the city of Omaha, hereinafter referred to as director, sent the plaintiff an interoffice communication suspending him for a period of 15 days and demoting him thereafter to the rank of captain. The order became effective at 4:30 p. m., March 10, 1964. Plaintiff prosecuted an appeal to the personnel board of the city of Omaha, hereinafter referred to as board. The board by a divided vote affirmed the action of the director, and the plaintiff filed a petition in error in the district court.

The district court sustained the petition in error and specifically determined that the order of the board was arbitrary and capricious in that the departmental rules did not apply to the chief of police, and that the board failed to make written findings as required by the home rule charter and the code. It also determined that the punishment was contrary to law, but made no determination of the sufficiency of the evidence before the board. The district court reversed the order and remanded the cause to the board for reconsideration, with directions to make written findings and in its discretion to receive additional evidence.

Subsequent to the overruling of the motions for a new trial, Harry A. Meister, describing himself as a resident and a taxpayer of the city of Omaha, pursuant to authority given to taxpayers in the home rule charter, entered his appearance, and prosecutes this appeal in behalf of the city. Attached to his filing is a certified copy of a resolution unanimously adopted by the city council, denying the city legal department authority to prosecute an appeal to this court. For convenience we will hereinafter refer to the appellant city as defendant. Defendant sets out five assignments of error, which will be described as they are discussed.

The first assignment of error urges a lack of jurisdiction of the subject matter in the district court on the ground that "* * * no duly authenticated transcript of the proceedings, contained the final order and the decision sought to be set aside, vacated and reversed was filed with the Petition in Error * * *" as required by sections 25-1905 and 25-1906, R. R. S. 1943. There is no question but that our law requires an authenticated transcript to confer jurisdiction. See Anania v. City of Omaha, 170 Neb. 160, 102 N. W. 2d 49, in which we held: "The jurisdiction of the district court to consider and set aside a final order of an inferior tribunal does not attach until there is presented to it with the petition in error a duly authenticated transcript of the proceedings containing the final order of which complaint is made."

This assignment of error is asserted for the first time in this court. However, it is well settled that if a judicial tribunal has no jurisdiction of the subject matter of an action, jurisdiction cannot be obtained either by acquiescence or consent of the parties. See Plunkett v. Parsons, 143 Neb. 535, 10 N. W. 2d 469, in which we held: "A party is not barred from asserting for the first time on appeal that an inferior tribunal was without jurisdiction of the subject-matter of the action."

The transcript filed with the clerk of the district court

is composed of volumes I and II. Volume I contains the testimony before the board, consisting of 216 typewritten pages. Attached to the cover of the testimony are certificates signed by the chairman of the board; the vice chairman of the board; the secretary of the board; the personnel technician of the city of Omaha, who is the custodian of the records for the board; and an affidavit by counsel for plaintiff. There is also attached to volume I exhibits A, B, and C, which are respectively the order of the director, the appeal to the board, and the finding and order of the board affirming the director's action. Volume II is a folder containing exhibits 1 through 33. The certificates of the chairman, the vice chairman, and the secretary of the board are in identical form except for the name and description of the position of the party executing the certificate. The certificate of the secretary is as follows:

"I, JOSEPH. CASCIO, hereby certify that I am the duly elected Secretary of the Personnel Board of the City of Omaha, State of Nebraska; that on the 9th day of April, 1964, the Personnel Board of the City of Omaha heard the appeal of C. HAROLD OSTLER from his suspension and demotion, as Chief of Police, Police Division, City of Omaha; and I hereby certify that a transcript of the proceedings duly made by Elmer Shamberg & Associates, Court Reporter, Lincoln, Nebraska, together with Exhibits 1 through 33 inclusive, attached hereto, and by reference incorporated herein, said transcript being described as Volume I, and said Exhibits 1 through 33 inclusive being described as Volume II, constitute all of the proceedings in and the material, relevant evidence adduced at the hearing before the Personnel Board of the City of Omaha, on April 9, 1964.

"I do further certify that attached hereto and by reference incorporated herein are EXHIBIT 'A', Order of Suspension and Demotion dated March 10, 1964; EXHIBIT 'B', Appeal by C. Harold Ostler dated March 16, 1964; EXHIBIT 'C', Findings and Order. I do further

certify that Volume I, Volume II, EXHIBIT 'A', EX-HIBIT 'B' and EXHIBIT 'C' constitute a complete transcript of proceedings together with final order in the matter of the suspension, demotion and appeal of C. Harold Ostler; and that such complete transcript has been duly prepared, served, settled and allowed by the undersigned."

The certificate of the personnel technician, so far as material herein, is as follows: "I do certify that attached hereto and by reference incorporated herein are EX-HIBIT 'A', Order of Suspension and Demotion dated March 10, 1964; EXHIBIT 'B', Appeal by C. Harold Ostler dated March 16, 1964; EXHIBIT 'C', Findings and Order, which exhibits are matters of record in the Personnel Department of which I am custodian. I do further certify that EXHIBIT 'A', EXHIBIT 'B' and EX-HIBIT 'C' constitute the pleadings together with final order in the matter of the suspension, demotion and appeal of C. Harold Ostler; and that same has been duly prepared, served, settled and allowed by the undersigned."

The affidavit of plaintiff's attorney, so far as material herein, is as follows: "That on May 4, 1964, I requested Robert O. Moore, in his capacity as Acting Personnel Director, to certify the transcript of proceedings, together with Exhibits 1 through 33 inclusive of the Appeal of C. Harold Ostler before the Personnel Board of the City of Omaha on April 9, 1964; that the said Robert O. Moore stated that he was unable to certify said transcript of proceedings."

Defendant in its brief stated: "It would appear that no attempt was made in the proceedings herein to secure and obtain certified or authenticated copy of the proceedings irrespective of the fact that there are five purported affidavits, attached to the unidentified transcript, * * *." We do not accept defendant's two major premises, so consequently we cannot agree with its conclusions. Three of the "purported affidavits" to

which defendant refers are in fact certificates of the three principal officers of the board authenticating the transcript of the proceeding. The plaintiff, out of an abundance of caution, had the chairman, the vice chairman, and the secretary of the board authenticate the record filed with the petition in error. When the custodian of the board's records refused to do so, plaintiff's attorney filed an affidavit to that effect and had him certify that exhibits A, B, and C constituted the proceedings, together with the final order. The certificate of the presiding officer would have been a sufficient authentication.

The other premise is defendant's allusion to the "unidentified transcript." The transcript shows the matter involved, the dates, and the details of the entire proceeding. The certificates attached identify, incorporate, and allude to the transcript, as well as certify to its completeness, preparation, service, settlement, and allowance.

The transcript of the proceeding bears the filing stamp of the clerk of the district court showing it to have been filed on the same date as the petition in error. The petition in error specifically refers to and incorporates the transcript of the proceeding therein. We determine that the transcript of the proceeding, filed with the petition in error, was a sufficient compliance with section 25-1905, R. R. S. 1943, to give the district court jurisdiction of the subject matter, and there is no merit to defendant's first assignment of error.

Defendant's second assignment of error is as follows: "The Court erred in reversing and remanding the cause to the Omaha Personnel Board for consideration by that Board, on the grounds that it did not have the authority to suspend and demote Chief Ostler." This assignment refers to the finding of the trial court that the disciplinary action provided in section 7.04.810 of the Omaha municipal code is restricted to only one of the penalties provided, and that the director exceeded his

jurisdiction by applying two penalties, and the board exceeded its jurisdiction in affirming the action of the director.

The pertinent part of section 7.04.810 is as follows: "Violation of the provisions of this section shall be punishable by reprimand, suspension, demotion, *or* dismissal." (Emphasis supplied.) The pertinent section of the Omaha home rule charter, defining the power of the board, is section 6.04(3), which reads as follows: "Hear appeals in case any officer or employe in the classified service is suspended *or* removed, *or* reduced in classification or pay by the Mayor or a department or division head, * * *." (Emphasis supplied.)

The question raised is one of first impression in this jurisdiction, although it has arisen in several other jurisdictions. Those cases in most instances are not of too much help because of the varying application of the provisions involved. We determine, however, that the case of State ex rel. Heffernan v. Board, 247 Wis. 77, 18 N. W. 2d 461, is analogous on the facts to the instant case and delineates what we consider to be the proper rule. In that case the pertinent provision of a statute was as follows:  " '* * * If the board shall determine that the charges are sustained, the accused, by order of the board, may be suspended, reduced in rank, or removed, as the good of the service may require.' " The penalty applied by the board was demotion and suspension. The court there said: "It appears to us that the words of the statute are so plainly and clearly put in the alternative that this court may not, without usurping the function of the legislature, interpolate or depart from the language of the statute under the pretext of construction."

It appears to us that the language involved herein, "reprimand, suspension, demotion, or dismissal," is so clearly phrased in the alternative that it is not fairly open to any other construction. The director had a choice of one penalty; he chose two. The trial court

was therefore correct in holding that the director exceeded his authority by applying two of the penalties, and that the board exceeded its jurisdiction in affirming that decision.

We next consider the fourth assignment of error, which is directed to the fact that the district court held the rules and regulations of the department of public safety, police division, were not applicable to the chief of police who was one of the parties promulgating them.

The preface to the book containing the rules and regulations is signed by the plaintiff herein as the issuing officer. Chapter I, page 1, provides that the penalties require the recommendation of the chief of police and the approval of the director. It further provides that notification must be given in writing to the offending employee by the chief of police. It is apparent from the context that the rules were intended to apply to all those under the chief of police and not to the chief of police who was responsible for their enforcement. The chief of police is responsible to those over him under the provisions of the code. The portion of the order applying the rules and regulations of the department of public safety, police division, to the plaintiff is contrary to law and cannot be sustained. There is no merit to defendant's fourth assignment of error.

Defendant's third assignment of error complains of the holding of the trial court that the board failed to make written findings of fact in compliance with Article VI, section 6.04, of the home rule charter of the city of Omaha, and section 7.04.865 (c), of the Omaha municipal code. There is no merit to defendant's assignment. Both the above enumerated provisions require the board to reduce its findings and decision thereon to writing and to transmit the same to the department head and the employee concerned. To make a general finding, as was done here, by merely referring to the number of the section of the code which it is alleged plaintiff violated, is clearly contrary to the intent of the code. The man-

date to reduce the findings to writing is a matter of substance. We construe its intention to be to inform the accused of the exact nature of the finding against him. A specific finding is particularly important where, as here, at least a portion of the alleged misconduct is based upon hearsay and alleged remarks appearing in the public press on different occasions. As the district court so well phrased it: "The critical events in suit span more than three months, and the evidence, years."

The findings required by the charter and code should consist of a concise statement of the conclusions upon each of the contested allegations. See Yellow Cab Co. v. Nebraska State Railway Commission, 176 Neb. 711, 127 N. W. 2d 211, which covers an analogous situation where the statute requires specific findings. The importance of this rule is emphasized in this case, where the findings on alleged code violations are combined with alleged violations of the rules and regulations of the department of public safety, police division, and there is no way to separate one from the other. It is one thing to make a finding in the language of the statute, which we have held permissible in interpreting decisions of state adminstrative agencies. See Young v. Morgan Drive Away, Inc., 171 Neb. 784, 107 N. W. 2d 752. It is quite a different matter, however, to merely refer to the number of the section of the code which might be violated, without particularizing the nature of the violation when the code requires written findings.

In view of the conclusions we have reached on the four preceding assignments of error, it is not necessary to discuss defendant's last assignment of error, which complains of the holding of the trial court that on the state of the record no finding should be made by the court on the sufficiency of the evidence.

Plaintiff, by way of cross-appeal, urges this court to retain jurisdiction, to reverse the order of the board, and to direct the entry of an order for the reinstatement of the plaintiff. This is an error proceeding from an

administrative tribunal. For the reasons outlined, the state of the record is such that we are not in a position to determine the sufficiency of the evidence. We find the district court properly reversed the order and remanded the cause to the board for further proceedings consistent with its opinion.

For the reasons given, the judgment of the district court is affirmed.

AFFIRMED.