In re Valuation and Equalization of Real Property in the State of Nebraska for 1965.
County of Blaine, appellant, v. State Board of Equalization and Assessment of the State of Nebraska, appellee.

143 N. W. 2d 880

Filed July 1, 1966. No. 36178.

Joseph J. Divis and Johnson, Kelly, Evans & Spencer, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Kennedy, Holland, DeLacy & Svoboda, amicus curiae.

Heard before Carter, Spencer, Boslaugh, Brower, Smith, and McCown, JJ., and Dittrick, District Judge.

Boslaugh, J.

This is an appeal by Blaine County, Nebraska, from the order of the State Board of Equalization and Assessment increasing the valuation of rural land and improvements as shown by the 1965 abstract of assessment for Blaine County. The county also appeals from the denial of its application to amend the bill of exceptions.

The county contends that the Administrative Procedures Act applies to the proceedings of the state board; that the order of the state board must be reversed because the proceedings of the state board failed to comply with the requirements of the Administrative Procedures Act; and that the action of the state board was arbitrary and capricious. The record does not show that any objection was made by anyone concerning the procedure of the board before or at the time of the hearing.

The Administrative Procedures Act, which was adopted in 1959, now appears as sections 84-901 and 84-909 to 84-919, R. S. Supp., 1963. The purpose of the act is to establish a minimum administrative procedure for administrative agencies. § 84-916, R. S. Supp., 1963. The act applies, generally, to each board, commission, department, officer, division, or other administrative office or unit of state government which is authorized to make rules. § 84-901, R. S. Supp., 1963.

The State Board of Equalization is an administrative board which is authorized by statute to make rules and regulations. See, § 77-502, R. R. S. 1943, and §§ 77-1311 and 77-1314, R. S. Supp., 1963. Upon this basis, the county contends that the Administrative Procedures Act is applicable to the proceedings of the state board.

The county complains that the order and notice requiring the representatives of Blaine County to appear before the state board failed to state the issues that were to be considered at the hearing. The Administrative Procedures Act requires that the notice of hearing in a "contested case" shall state the issues involved. § 84-913, R. S. Supp., 1963.

Section 77-508, R. R. S. 1943, provides that if the state board finds that it is necessary to change the valuation of real or personal property as returned by any county, the board shall issue a notice to the county and set a date for hearing. Section 77-509, R. S. Supp., 1963, provides that the legal representatives of the county

may appear at the hearing and show cause why the valuation of the property in the county should not be changed.

The issue at the hearing before the state board, so far as Blaine County is concerned, was whether the valuation of the urban and rural real estate in Blaine County should be changed so that a just, equitable, and legal assessment of the property in the state could be made. The notice which was sent to Blaine County stated that the hearing was to be in regard to the valuation of urban and rural real estate. The term "real estate" is broad enough to include both improved and unimproved lands. The notice further stated that representatives of the county would be given an opportunity to show why the assessed valuation of that class of property should not be increased or decreased as might be found necessary to equalize the assessment of the various counties of the state. Although the form of the notice which was given has been approved by this court, we now think that the notice should state the percentage adjustment which the board proposes to make in that county. See County of Lancaster v. State Board of Equalization & Assessment, post p. 497, 143 N. W. 2d 885. In this case the county appeared and participated in the hearing without objection. It cannot now complain about the notice which was given.

The Administrative Procedures Act prescribes the procedure that administrative agencies must follow in hearing and deciding "contested cases." A contested case is defined as a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing. § 84-901, R. S. Supp., 1963.

An agency is required to make an official record containing all of the factual information or evidence which the agency considers in the determination of a contested case. §§ 84-913 and 84-914, R. S. Supp., 1963.

This includes records and documents in possession of the agency; facts which are judicially cognizable; and general, technical, or scientific facts within the specialized knowledge of the agency. The act further provides that every decision and order adverse to a party in a contested case shall be in writing and accompanied by findings of fact and conclusions of law. § 84-915, R. S. Supp., 1963.

The procedure which the Administrative Procedures Act prescribes for use in contested cases by administrative agencies is essentially that which is normally used in adversary proceedings. In applying the Administrative Procedures Act to the proceedings of the State Board of Equalization and Assessment, some consideration must be given to the particular nature of the state board including its purpose and function.

The primary duty of the State Board of Equalization and Assessment is to establish uniformity in taxation between the various counties. Carpenter v. State Board of Equalization & Assessment, 178 Neb. 611, 134 N. W. 2d 272. The purpose of the hearing before the state board is to give the legal representatives of each county an opportunity to appear and show cause why the valuation of their counties should not be changed. § 77-509, R. S. Supp., 1963; County of Antelope v. State Board of Equalization & Assessment, 146 Neb. 661, 21 N. W. 2d 416.

It is apparent that a procedure which might be suitable for a hearing involving relatively few parties would not be practicable where the parties are numerous and the issues complex. There are practical difficulties which prevent a strict and literal application of the Administrative Procedures Act to the proceedings of the state board where the board is attempting to equalize the valuation of real estate in all 93 counties.

In our previous decisions we have emphasized the wide latitude of judgment and discretion which is vested in the state board. We have held that the board may

adopt any reasonable method of procedure in equalizing the assessment of property between the various counties; and that the board may act upon the abstracts of assessments returned by the various counties, the knowledge of its own members as to value, or any other information which is satisfactory to it. County of Grant v. State Board of Equalization & Assessment, 158 Neb. 310, 63 N. W. 2d 459. We have also held that the state board does not have unlimited power to exercise its discretion; that it is subject to the fundamental rule that the order of the board will be set aside if the evidence which was before the board demonstrates that the order was arbitrary. Fromkin v. State, 158 Neb. 377, 63 N. W. 2d 332. If the state board fails to follow the statute and acts without authority, proper evidence, or due investigation or for any other reason renders a decision which is not based upon the facts, or is not according to law, its order will be reversed. State ex rel. Sorensen v. State Board of Equalization & Assessment, 123 Neb. 259, 242 N. W. 609.

The review by this court of the action of the state board is necessarily limited to the matters which appear in the record of the proceedings of the board. Thus, the issue upon an appeal to this court is whether the record of the proceedings before the board shows that the order of the board is unreasonable and arbitrary. As stated in Fromkin v. State, *supra,* if the record demonstrates that the order of the board was arbitrary, it will be reversed.

On August 9, 1965, the state board adopted a resolution which directed that the valuation of rural property in Blaine County, as reflected by the 1965 abstract of assessment, be increased 90 percent. The resolution provides in part as follows: " 'Upon consideration of: (1) the sworn testimony of county officials of all 93 counties; of individual taxpayers and representatives of interested organizations; (2) a sales-assessment ratio which had been substantially revised from previous years wherein the infor-

mation had been checked by the State Tax Commission-
er's office, the counties given two opportunities to com-
ment on the sales before the hearings and additional op-
portunities during and after the hearings, and where the
statistical approach used was reviewed by an expert
statistician; (3) a comparison of assessed values of land
between counties, which devoted primary attention to
values within one mile of the county lines; (4) the
personal knowledge of each and every member of the
State Board of Equalization and Assessment; (5) the
decisions of the Nebraska Supreme Court, particularly
that of Carpenter v. State Board of Equalization and
Assessment, 178 Neb. 611; (6) the provisions of Article
5 of Chapter 77, R. R. S. 1943, and other applicable laws
and constitutional requirements; (7) other information
satisfactory to the State Board of Equalization and As-
sessment, the State Board of Equalization and Assess-
ment finds that the valuations as reflected by the 1965
Abstracts of Assessment returned by certain counties of
the State of Nebraska do not conform to law and in order
to equalize assessments between the various counties
to conform to law pursuant to Article 5, Chapter 77, R.
R. S. 1943, that the valuations as reflected by the 1965
Abstracts of Assessment as submitted by the following
counties as to total urban and rural property be increased
or decreased by the percentages indicated below: * * *.'"
The board made no other findings of fact or conclusions
of law.

The order of the state board increased the valuations
in some counties, decreased valuations in others, and
left the valuations in others unchanged. There is no ex-
planation in the record as to how the board arrived at
its decision other than that contained in the resolution
of August 9, 1965.

The testimony with respect to Blaine County shows
that the county was reappraised in 1959 by the county
commissioners; that the valuation of the county was
raised roughly 7 or 8 percent as a result of the reap-

praisal; that the land was valued upon the basis of what
it was selling for and what it would return upon a 4
percent basis; that the valuations have been changed as
improvements were added to the land; that except as to
Brown County, the land in adjacent counties along the
county line is assessed at approximately the same amount
as the land in Blaine County along the county line; that
the land in Brown County which is adjacent to the Blaine
County line is somewhat better land; that the sales-
assessment ratio for Blaine County is 19.03 for rural and
24.68 for urban; that there were six rural sales which
could be considered and that the ratio was computed by
using three sales; and that most of the sales consist of
tracts which are not large enough to be operating units
and are purchased as additions to other farming units.

There is some basis in the record for an increase in
the valuation of rural land and improvements in Blaine
County. Blaine County, in its brief, admits that some
increase in its valuation may be justified. The problem
here is the extent of the increase which was ordered.

The state board ordered a 90 percent increase in the
valuation of rural property in Blaine County. The ef-
fect of the order was to raise the sales-assessment ratio
for rural property in Blaine County to 36.157 which ap-
pears to be more than 8 percent above the average or
median ratio for all of the counties as adjusted by the
state board.

From our examination of the entire record we have
been unable to discover any basis upon which the order
directing a 90 percent increase in the valuation of rural
land and improvements in Blaine County can be sus-
tained. Necessarily, we conclude that the order of the
State Board of Equalization and Assessment, so far as
Blaine County is concerned, is arbitrary and capricious
and must be reversed.

We determine only that upon the record before us at
this time the order of the State Board of Equalization
and Assessment directing a 90 percent increase in the

value of rural land and improvements in Blaine County as shown by the 1965 abstract of assessment must be reversed. The order of the State Board of Equalization and Assessment as to Blaine County is reversed and the cause remanded to the State Board of Equalization and Assessment for further proceedings according to law.

It is unnecessary to consider the other errors urged by the appellant.

REVERSED AND REMANDED.

CARTER and SPENCER, JJ., concur in result.