IN RE VALUATION AND EQUALIZATION OF REAL PROPERTY IN THE STATE OF NEBRASKA FOR 1965.
COUNTY OF BOX BUTTE, APPELLANT, v. STATE BOARD OF EQUALIZATION AND ASSESSMENT OF THE STATE OF NEBRASKA, APPELLEE.

143 N. W. 2d 900

Filed July 1, 1966. No. 36183.

John O. Anderson, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and DITTRICK, District Judge.

SMITH, J.

Box Butte County has appealed from the same order of the State Board of Equalization and Assessment appealed from in other cases decided today, including County of Blaine v. State Board of Equalization & Assessment, ante p. 471, 143 N. W. 2d 880.

The board ordered Box Butte County to increase its valuations of rural and urban real estate 10 percent. The resultant assessment-sales ratios in percents are

24.02 for rural land and 31.63 for urban land. For all counties the mean and median of rural ratios are 28.07 and 27.36 respectively, and of urban ratios, 28.83 and 28.36 respectively.

The county argues that the order should be reversed as to it because of the number of counties with lower ratios for one or both classes of property. The ratio for rural land in Box Butte County is well below the mean and median of ratios, and the county points to no circumstance indicating prejudice to it from the deviates. In this respect the order was not arbitrary or prejudicial.

Of a different quality is the ratio 31.63. The board of course is not to be straitjacketed by percents, but without other evidence the deviate is too great for us to hold that this increase was discretionary.

In defense of the equalization order, counsel resorts to the rule that members of the board may rely on their personal knowledge outside the record. Since we are in the dark concerning the nature of the extra-record information, extended discussion of the confusion in the law of official notice is undesirable. See, § 84-914, R. S. Supp., 1963; 2 Davis, Administrative Law Treatise, ch. 15, pp. 338 to 434. At a minimum extra-record information in some form ought to have been incorporated into the transcript or bill of exceptions. Arbitrariness on a record is not dispelled by speculation that the board may have used extra-record information sufficient to support an adjustment. See County of Blaine v. State Board of Equalization & Assessment, *supra*.

The part of the order increasing the valuation of rural land in the county 10 percent is affirmed. The part increasing the valuation of urban land 10 percent is reversed.

AFFIRMED IN PART, AND IN PART REVERSED.

SPENCER, J., dissenting.

I concur in the reversal of a portion of the order, and dissent from the majority opinion because the entire order was not included in the reversal. I incorporate

herein by reference the dissent filed in County of Lancaster v. State Board of Equalization & Assessment, *post* p. 497, 143 N. W. 2d 885.

Additionally, I make the following observations. The sales assessment ratio given by the Tax Commissioner for Box Butte County is: Urban - 28.75; rural - 21.84. Despite the wide variance in the two figures, both of them were raised 10 percent. Considering the urban figure first, there were 29 counties with a lower sales-assessment ratio than 28.75 which were not changed, and Thurston County, with a sales-assessment ratio of 27.98 received a 14 percent reduction.

The rural figure for Box Butte County was based on 27 sales, and only 2 of them were sales of 160 acres or more, indicating that the other sales were either to round out existing holdings or were development sales in suburban areas. Gosper County, with a rural sales ratio of 21.51 and Dundy County, with a rural sales ratio of 12.14, were not changed in any way. How a raise can be made in one county, based upon the Tax Commissioner's figures, and no raise made in counties with a lower sales ratio, and determine that the action is not arbitrary and capricious, is beyond my comprehension.

CARTER, J., joins in this dissent.