IN RE VALUATION AND EQUALIZATION OF REAL PROPERTY
IN THE STATE OF NEBRASKA FOR 1965.
COUNTY OF KEITH, APPELLANT, V. STATE BOARD OF
EQUALIZATION AND ASSESSMENT OF THE STATE OF
NEBRASKA, APPELLEE.
143 N. W. 2d 902

Filed July 1, 1966. No. 36184.

Frank B. Svoboda, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and DITTRICK, District Judge.

SMITH, J.

Keith County has appealed from the same order of the State Board of Equalization and Assessment appealed from in other cases decided today, including County of Blaine v. State Board of Equalization & Assessment, *ante* p. 471, 143 N. W. 2d 880. The part of the order under review directed Keith County to increase its assessed valuation of rural land 43 percent and of urban land 12 percent.

We conclude from the entire record that the rural increase was ordered arbitrarily. During the hearing the attorney for the Tax Commissioner announced that the assessment-sales ratio for rural land in Keith County was 18.97 percent. The county assessor then testified that the commissioner had used biased data and that other sales data should be substituted. The attorney agreed and the assessor computed a corrected ratio of 24.239, which should have been accepted in the absence of evidence that the disputed data was unbiased. In effect the board increased the ratio to 34.66, although the mean and median of all county ratios for rural lands were 28.07 and 27.36 respectively. The deviate demonstrates arbitrary action. See County of Blaine v. State Board of Equalization & Assessment, *supra*.

The urban increase was not arbitrary. Since the per-

centage ratio of 27.23, which the Tax Commissioner had computed for urban land in Keith County, was not shown to be unreliable, we must assume its accuracy. See County of Kimball v. State Board of Equalization & Assessment, *ante* p. 482, 143 N. W. 2d 893. It is less than the mean, 28.83, and the median, 28.36, of all urban ratios for counties. In the absence of statute the board may adopt any reasonable method of equalization, including reasonably reliable assessment-sales ratios. County of Lancaster v. State Board of Equalization & Assessment, *post* p. 497, 143 N. W. 2d 885. Since the record does not show this part of the order to have been arbitrary, the part should be affirmed. See, County of Loup v. State Board of Equalization & Assessment, *ante* p. 478, 143 N. W. 2d 890; County of Kimball v. State Board of Equalization & Assessment, *ante* p. 482, 143 N. W. 2d 893.

The part of the order directing the rural increase is reversed. The part directing the urban increase is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED.

SPENCER, J., dissenting.

I concur in the reversal of a portion of the order, and dissent from the majority opinion because the entire order was not included in the reversal. I incorporate herein by reference the dissent filed in County of Lancaster v. State Board of Equalization & Assessment, *post* p. 497, 143 N. W. 2d 885.

Additionally, I make the following observations. The Tax Commissioner's sales-assessment ratio for Keith County is: Urban - 24.31; rural - 18.97. These were increased as follows: Rural - 43 percent; urban - 12 percent. To show arbitrary action, I call attention to the urban sales-assessment ratio in the following counties where no changes were made, each of which had an urban sales ratio less than Keith County:

| COUNTY | SALES RATIO |
|---|---|
| Thomas | 22.12 |

| | |
|---|---|
| Logan | 23.75 |
| Hayes | 22.77 |
| Garden | 23.72 |

Blaine, with approximately the same urban ratio, 24.68, also was not changed.

CARTER, J., joins in this dissent.