IN RE VALUATION AND EQUALIZATION OF REAL PROPERTY IN THE STATE OF NEBRASKA FOR 1966.
COUNTY OF LANCASTER, APPELLANT, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT OF THE STATE OF NEBRASKA, APPELLEE.

150 N. W. 2d 886

Filed May 19, 1967. No. 36447.

Paul L. Douglas, William D. Blue, Ronald D. Lahners, Floyd A. Sterns, Walter D. Weaver, and Janice L. Gradwohl, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and WHITE, District Judge.

SMITH, J.

In this equalization proceeding Lancaster County was ordered to increase valuations of certain real estate set out in its 1966 abstract of assessment. The county contends on appeal that the order should be reversed because the findings are inadequate.

The abstract shows valuations of property according to the following subclasses:

R. Rural Class

1. Agricultural land
2. Agricultural improvements
3. Suburban residential land
4. Suburban residential improvements
5. Suburban commercial land
6. Suburban commercial improvements
7. Suburban industrial land
8. Suburban industrial improvements

U. Urban Class

1. Residential land
2. Residential improvements
3. Commercial land
4. Commercial improvements
5. Industrial land
6. Industrial improvements

The State Board of Equalization and Assessment im-

posed an increase of 42 percent on subclasses R3, R4, U1, and U2, and an increase of 44 percent on subclass R1. Other valuations were not changed. The State Board found that the assessment-sales ratio (without any statement of numerical proportion) for urban and suburban properties did not reflect the level of assessment on commercial or industrial property. Valuations of subclasses that were commercial or industrial were therefore not subject to adjustment. In the abstract of assessment they compose more than 25 percent of the urban class and approximately 10 percent of the rural class. Computing means of county ratios, the State Board made the following comparisons:

|  | Rural Ratio | Urban Ratio |
|---|---|---|
| Mean (State) | 33.58 | 34.87 |
| Lancaster County: |  |  |
| Without ordered increases | 22.76 | 24.53 |
| With ordered increases | 32.77 | 34.83 |

Rural and urban ratios, which were found unreliable statewide for valuation of commercial and industrial property, produced increased valuations of other subclasses. No finding of a mathematical relation among subclasses or of other explanatory facts was made. The ratios and the increases were not correlated. The effect of the ambiguities hinges on the function of findings in administrative process.

"The practical reasons for requiring administrative findings are so powerful that the requirement has been imposed with remarkable uniformity by virtually all federal and state courts, irrespective of a statutory requirement. The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearing and judicial review, and keeping agencies within

their jurisdiction." 2 Davis, Administrative Law Treatise, § 16.05, p. 444.

"The basic findings are those on which the ultimate finding rests; the basic findings are more detailed than the ultimate finding but less detailed than a summary of the evidence. * * * The wanted basic findings may be either too general or too detailed. When they are too general, the task of the reviewing court is rendered more difficult, for it has to fill the gap between the evidence and the general findings in order to perform its task of reviewing. * * * A reviewing court may be just as dissatisfied with findings that are so detailed as to amount to no more than a statement of evidence. * * * The principal motivating force, as revealed by the opinions, is the need of the reviewing court for a clear view of the basis for the agency's action, * * *." 2 Davis, Administrative Law Treatise, § 16.06, pp. 451-454. See, also, Ostler v. City of Omaha, 179 Neb. 515, 138 N. W. 2d 826; Yellow Cab Co. v. Nebraska State Railway Commission, 176 Neb. 711, 127 N. W. 2d 211.

The more intricate the adjustments, the greater the need is for basic findings. Unless we know the facts found by the State Board, we cannot reasonably pass on the sufficiency of evidence. Because the findings are inadequate, the order for increase of valuations in Lancaster County is reversed.

REVERSED.