IN RE VALUATION AND EQUALIZATION OF REAL PROPERTY IN THE STATE OF NEBRASKA FOR 1966.
COUNTY OF LINCOLN, APPELLANT, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT OF THE STATE OF NEBRASKA, APPELLEE.
150 N. W. 2d 884

Filed May 19, 1967.   No. 36454.

Walter R. Mullikin, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and WHITE, District Judge.

BOSLAUGH, J.

This is an appeal by Lincoln County, Nebraska, from the order of the State Board of Equalization and Assessment increasing the valuation of agricultural land (rural) as shown by the 1966 abstract of assessment. The county does not complain of the increase which was made in the valuation of urban lands and improvements and suburban residential lands and improvements.

The county was notified that the State Board proposed to increase the valuation of agricultural property within the county 43 percent and that representatives of the county might appear on August 1, 1966, and show cause why the proposed change should not be made. According to Dwaine Radke, real property chief in the office of the Tax Commissioner, the proposal was based upon a sales-assessment study, using twenty sales; a perimeter study; and recently completed reappraisals in Perkins County and McPherson County.

On August 1, 1966, representatives of the county appeared before the State Board and testified that Lincoln County had been reappraised by the E. T. Wilkins Company in 1955; that the State Board, in 1965, had increased the valuation of rural property in Lincoln County 40 percent; and that this increase was reflected in the 1966 abstract of assessment.

The county representatives found it difficult to identify the sales which the Tax Commissioner had used in the sales-assessment study because the information which was submitted to them referred to transactions by sale numbers which had been assigned in the office of the Tax Commissioner. As a result, on the motion of the attorney for the Tax Commissioner, concurred in by the county attorney, the hearing was continued. It was agreed that the county would be permitted to examine the records of the Tax Commissioner and be given an

opportunity to present its evidence at a later time. The record shows no further proceedings concerning Lincoln County until the order of August 15, 1966, which directed a 33 percent increase in the valuation of agricultural land.

The record shows that the county was not afforded the hearing to which it was entitled. There is some reference in the brief to a letter, which does not appear in the record, and a "private hearing." The record does not show an affirmative waiver of the further public hearing which was to be held after the county had been given the opportunity to examine the records of the Tax Commissioner.

The record also fails to disclose a basis upon which the action of the State Board can be supported. Of the bases originally considered, only the sales-assessment study remains as a basis to support the action of the State Board. The State Board found that "the evidence regarding perimeter values was conflicting in many instances and was not of such a nature so as to provide a reasonably reliable basis for equalization between counties." That part of the order of the State Board which directed increases in valuations in Perkins County and McPherson County has been reversed by opinions filed this day. See, County of Perkins v. State Board of Equalization & Assessment, *post* p. 747, 150 N. W. 2d 883; County of McPherson v. State Board of Equalization & Assessment, *ante* p. 725, 150 N. W. 2d 878.

In its order of August 15, 1966, the State Board found that six of the sales originally considered should be disregarded, that two additional sales should be included in the computation, and that objections to the other sales should be overruled. The record does not show what objections were considered, why some were sustained, or why others were overruled. For example, the county objected to a sale of 475 acres which had an assessed value equal to 9.68 percent of the selling price. The record does not show why the objections to this sale

were overruled and the sale was considered to be a representative sale. The county contends that if the State Board had been consistent in its rulings, the sales-assessment ratio would have been 30.33 instead of 26.22 as found by the State Board.

The importance of including only representative sales in the computation of a sales-assessment ratio is emphasized in this case by the fact that the State Board directed a 33 percent increase in the valuation of more than one and one-half million acres of land upon the basis of transactions involving about ½ of 1 percent of the land. Although the county concedes that some increase in the valuation of the agricultural property was justified, the record does not show a basis for the order which was made. The order, therefore, is arbitrary and capricious. County of Blaine v. State Board of Equalization & Assessment, 180 Neb. 471, 143 N. W. 2d 880.

For the reasons stated, the order of the State Board of Equalization and Assessment increasing the valuation of agricultural land (rural) in Lincoln County is reversed and the cause remanded to the State Board of Equalization and Assessment for further proceedings according to law.

REVERSED AND REMANDED.