IN RE VALUATION AND EQUALIZATION OF REAL PROPERTY IN THE STATE OF NEBRASKA FOR 1966.
COUNTY OF KEITH ET AL., APPELLANTS, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT OF THE STATE OF NEBRASKA, APPELLEE.
150 N. W. 2d 896

Filed May 19, 1967. No. 36464.

Frank B. Svoboda, for appellants.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and WHITE, District Judge.

WHITE, C. J.

Keith County and rural property owners of Keith County appeal from the order of the State Board of Equalization and Assessment increasing the assessed value of rural lands 71 percent and of urban property 7 percent. The increase on rural property is the only issue argued and considered here.

We consider this case in context with the other cases decided today. In 1965 the board ordered a 43 percent increase on rural property in Keith County based on an invalid sales-assessment ratio of 18.97, whereas it should have been 24.239. We reversed, because the deviation produced from the mean for rural ratios over the state was too great. County of Keith v. State Board of Equalization & Assessment, 180 Neb. 494, 143 N. W. 2d 902. In 1966, in this case, based on a sales-assessment ratio (exhibits 2 and 5) the State Board ordered a rural increase of 71 percent. No action of the State Board on the previous order of reversal appears. Exhibits 2 and 5 show 16 sales and one (No. 50) was excluded by the State Board. The State Board allowed a tolerance of 10 percent on the sales and reduced the total sales by that percentage. The ratio resulting between the sales on exhibits 2 and 5 and the assessed valuations listed

therein is about 27 percent. Excluding sale No. 50, it would be even higher. Instead of using this ratio the board used a ratio of 19.22 on which it based an increase of 71 percent to bring the adjusted ratio to 32.86, a deviation of 2.14 percent from 35 percent. Applying the 71 percent increase to a ratio of 27 we arrive at an adjusted ratio of approximately 46, obviously a deviation from 35 percent from actual value that is arbitrary. The State Board explains this action in its brief by stating that the assessed valuations on exhibits 2 and 5 include the increase of 43 percent ordered by the State Board (and later reversed) in 1965, and that since the county rolled back this increase in its 1966 valuations as shown on its assessment abstract, that the true ratio of 19.22 is reached by comparing the 1965 sales with the 1966 reduced assessed valuations. But there is no direct evidence in the record or any finding of fact by the State Board supporting this action. The State Board's order must be supported by an appropriate finding so that this court may know why the State Board took the action it did. Administrative findings that fail to disclose a clear basis for an order are inadequate, and if findings are inadequate, the resulting order is arbitrary. County of Lancaster v. State Board of Equalization & Assessment, *ante* p. 738, 150 N. W. 2d 886. And, as we pointed out in the above case, "The more intricate the adjustments, the greater the need is for basic findings."

But the State Board's order in this case must be reversed on more basic grounds. The primary duty of the State Board is to equalize. It is not restricted to one single method of determining actual value. Sixteen counties were equalized on the basis of appraisals, 38 on sales-assessment ratios, and the balance on perimeter studies. But the board found perimeter studies to be unreliable, old appraisal figures were used without adjustments for increases or fluctuation of values occurring since completion of the appraisals, and there was a wide divergence in adjusted sales-assessment

ratios (116.89 in Thomas County to 23.78 in Rock County) without any satisfactory explanation appearing in the record as to the reason for the discrepancies. Absolute uniformity of approach is impossible, but the record must sustain the action of the State Board, and in the absence of an explanation of the divergences and discrepancies in the application of the different methods used and relied upon, and of a satisfactory explanation of the correlation between the different methods, this court cannot determine if the constitutionally required equalization or uniformity has been attained between counties. See Hanna v. State Board of Equalization & Assessment, *ante* p. 725, 150 N. W. 2d 878.

The order directing a 71 percent increase on rural property in Keith County is reversed.

REVERSED.