IN RE VALUATION AND EQUALIZATION OF REAL ESTATE IN THE STATE OF NEBRASKA FOR 1969.
COUNTY OF LANCASTER, NEBRASKA, APPELLANT, v. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.
178 N. W. 2d 772

Filed July 17, 1970. No. 37398.

Paul L. Douglas, William D. Blue, Ronald D. Lahners, Floyd A. Sterns, Janice L. Gradwohl, Robert R. Gibson, and Bernard J. McGinn, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Mason, Knudsen, Berkheimer & Endacott, for amicus curiae.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN,

and NEWTON, JJ., and COLWELL and TESAR, District Judges.

BOSLAUGH, J.

The County of Lancaster, Nebraska, has appealed from an order of the State Board of Equalization and Assessment directing that the valuation of agricultural land in Lancaster County for 1969 be increased 29 percent over the valuation returned by the county. This appeal is one of twenty-eight which were taken from the 1969 action of the state board.

The order appealed from was made following notice and a hearing before the state board on August 7, 1969. The order found that the indicated ratio of assessment to sales was 27 percent for agricultural land and 29 percent for urban and suburban property within Lancaster County, and that an increase of 29 percent in the valuation of agricultural land was necessary but that no increase in the valuation of urban and suburban real estate was necessary to equalize with real and personal property of other counties of the state.

The issue upon an appeal to this court from the State Board of Equalization and Assessment is whether the record of the proceedings before the state board shows that the order of the board was unreasonable and arbitrary. County of Blaine v. State Board of Equalization & Assessment, 180 Neb. 471, 143 N. W. 2d 880. If the record shows that the order of the state board was unreasonable and arbitrary, it will be reversed.

The record shows that the order of the state board increasing the valuation of agricultural land in Lancaster County by 29 percent for 1969 was based upon the sales-assessment ratio. The record further shows that the state board made no change in the valuation of many counties which had sales-assessment ratios equal to or lower than Lancaster County.

The testimony shows that no changes were made in Antelope County which had a sales-assessment ratio of

24 percent for agricultural land; Cedar County which had a ratio of 27 percent; Dakota County which had a ratio of 22 percent; Fillmore County which had a ratio of 29 percent; and Thurston County which had a ratio of 27 percent. In these counties the state board accepted a reappraisal as a basis for concluding that no increase or decrease in valuation was required.

The difficulty lies in the fact that the state board made no effort to correlate the reappraisals with the sales-assessment ratios or any other uniform standard of value. The result is that in counties which were equalized on the basis of sales-assessment ratios, the valuations of agricultural land were increased substantially more than in counties which were equalized upon the basis of reappraisals. There is nothing in the record which sustains or justifies the disparity of treatment.

It is unnecessary to consider the other assignments of error.

The order of the State Board of Equalization and Assessment increasing the valuation of agricultural land in Lancaster County by 29 percent for 1969 is reversed.

REVERSED.

WHITE, C. J., and CARTER, J., took no part in the consideration of or decision in this case.