CHARLES J. HARNETT, APPELLEE, v. CITY OF OMAHA, A MUNICIPAL CORPORATION, ET AL., APPELLANTS.

197 N. W. 2d 375

Filed May 12, 1972. No. 38265.

Herbert M. Fitle, James E. Fellows, and Warren C. Schrempp and J. William Gallup of Schrempp & Bruckner, for appellants.

Paul E. Watts, Michael N. Schirber, Samuel A. Boyer, Jr., and Stephen Greenberg, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and COLWELL, District Judge.

BOSLAUGH, J.

This is a proceeding in error to review an order of the personnel board of the City of Omaha, Nebraska,

dismissing Charles J. Harnett, a patrolman, from the Omaha police department. The trial court set aside the order of the personnel board and ordered the plaintiff Harnett reinstated. The City of Omaha et al., and Richard J. Dinsmore, a taxpayer, have appealed.

On September 5, 1970, the plaintiff arrested Eileen M. Waites, an 18-year-old girl, for abusing an officer. At the time of the offense the girl was a passenger in the back seat of an automobile operated by Laura Waites. The plaintiff's report stated that in making the arrest he had attempted, unsuccessfully, to break a window of the automobile with the butt of a shotgun.

On September 22, 1970, the chief of police suspended the plaintiff from duty for 30 days for violating a rule of the police division, department of public safety. The rule provided that no officer should abuse, orally or physically, any person in his custody, or any other person, during the performance of his duty, and should use only such force as was reasonably necessary.

The plaintiff appealed to the personnel board. At the hearing before the personnel board, three occupants of the automobile testified that when the plaintiff was unable to break the automobile window, he pointed the gun at the window and ordered the occupants to unlock the door. When the door was unlocked, the plaintiff opened the door and struck Eileen Waites in the face with the butt of the gun. Later that night, after she had been released from jail, Eileen Waites was treated at St. Joseph's Hospital for a hairline fracture of her cheekbone.

The plaintiff testified that Eileen Waites had shouted obscenities at him after he directed the driver to turn around and go north on Twenty-fourth Street. He then "tapped" on the rear window of the automobile with the butt of the shotgun. When the door was opened, he told Eileen Waites she was under arrest. Eileen Waites started screaming and kicking at him and it was necessary for him to pull her from the rear seat of

the automobile to complete the arrest. The plaintiff testified he did not strike Eileen Waites with the gun or point it into the car. He had no explanation as to how her cheekbone was fractured and indicated it was not incident to the arrest.

The personnel board also considered the special report file concerning the plaintiff which had 31 entries dating from December 6, 1967, to this incident on September 5, 1970.

The case was tried in the district court as though proceedings before the personnel board were subject to review by trial de novo. No statute or other authority has been cited which would permit a de novo review in the district court. The Administrative Procedure Act, cited by the plaintiff, provides only for a review on the record of the agency (§ 84-917 (5), R. R. S. 1943). The statute is applicable only to agencies of the state. § 84-901, R. R. S. 1943.

The procedure which is applicable to a proceeding in error is well established. It is discussed in detail in Anania v. City of Omaha, 170 Neb. 160, 102 N. W. 2d 49. The review is solely upon the record made by the tribunal whose action is being reviewed, and no new facts or evidence can enter into the consideration of the court. Moser v. Turner, 180 Neb. 635, 144 N. W. 2d 192. If the board acted within its jurisdiction and its findings are sustained by some competent evidence, its action must be sustained. Lynch v. City of Omaha, 153 Neb. 147, 43 N. W. 2d 589. See, also, Lewis v. City of Omaha, 153 Neb. 11, 43 N. W. 2d 419; First Nat. Bank & Trust Co. v. Ley, 182 Neb. 164, 153 N. W. 2d 743; Ostler v. City of Omaha, 179 Neb. 515, 138 N. W. 2d 826.

In this case there was no contention that the board exceeded its jurisdiction. The evidence before the personnel board was conflicting, but the credibility of the witnesses was a question for the board. There was competent evidence to sustain the findings and order

452

of the board and its order should have been affirmed.

The judgment of the district court is reversed and the cause remanded with directions to enter a judgment affirming the order of the personnel board.

REVERSED AND REMANDED WITH DIRECTIONS.