KIRK C. RICHARDSON, APPELLANT, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

333 N.W.2d 656

Filed April 21, 1983. No. 82-046.

Mark S. Trustin of Paul E. Watts & Associates, and Larry R. Taylor, Emil M. Fabian and Barbara J. Thielen, for appellant.

Herbert M. Fitle, City Attorney, and Kent N. Whinnery, for appellees.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, and HASTINGS, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

HASTINGS, J.

The plaintiff, Kirk C. Richardson, had been an officer of the police division of the Omaha Department of Public Safety. By letter dated May 22, 1981, from the acting chief of police, he was ordered suspended and dismissed from employment. Richardson prosecuted an appeal to the personnel board of the City of Omaha, and following a hearing that appeal was denied by a vote of 4 to 0. An error proceeding was then prosecuted to the District Court of Douglas County, which affirmed the decision of the personnel board.

On appeal to this court the plaintiff assigns the following errors: (1) That the District Court erred by affirming the decision of the personnel board; (2) That the court erred by holding that the personnel board acted consistently with the law set forth in *Ostler v. City of Omaha,* 179 Neb. 515, 138 N.W.2d 826 (1965); (3) That the court erred in failing to find that chapter I, §§ 1 and 7, of the police rules and regulations were unconstitutional; and (4) That the court's decision is contrary to law and not supported by the evidence.

There is no dispute as to the facts presented to the personnel board. A corporation known as Kitchen Classics was owned and operated by one Trudy Richardson, wife of the plaintiff. The plaintiff was the secretary of this corporation and had some limited involvement in the business. Plaintiff cosigned a Small Business Administration loan which pledged the family home as collateral; he occasionally hauled cabinets from the manufacturers to Omaha; he occasionally helped in running the business; and on occasion he cashed checks paid to the business for kitchen cabinets.

Kitchen Classics began having financial problems in the fall and winter of 1980-81. In January and February of 1981 a Mrs. Juranek and a Mrs. Wilshusen placed orders with Trudy Richardson for kitchen cabinets. Contracts were signed and the

cabinets were paid for in advance by check. One check was made out to Kitchen Classics; the other was made out in blank. These checks were eventually endorsed and cashed by Kirk C. Richardson, using his police credentials as identification. He testified that he assumed the checks were in payment of cabinets ordered by these people. Of the funds obtained from these checks, some were delivered to the cabinet factory in Tennessee for cabinets for someone; $700 was converted to cash for his expenses in going to Tennessee; and $6,000 was taken by Richardson to the county attorney, which he knew was not going to be used to buy cabinets for the customers.

By late February 1981 both Juranek and Wilshusen became concerned about the delivery of their cabinets, and after some investigations they felt their orders would not be delivered. Neither party received her cabinets or her money back. They then filed complaints with the Douglas County attorney's office and criminal charges were brought against the Richardsons. Kirk was arrested on May 21, 1981, and charged with three counts of theft by deception, a felony, as a result of these transactions. Following a preliminary hearing, he was bound over to District Court.

Kirk C. Richardson was suspended on May 21, 1981, and dismissed June 20, 1981, from the Omaha police force for violation of the rules and regulations of the department of public safety, police division, i. e., chapter I, § 1, which reads: "In general this section regulates the conduct of officers and employees of the Police Division while on or off duty, whether in uniform or plain clothes.

"Any act or omission that is not in accord with the general and accepted code of moral or ethical conduct is covered by this regulation," and chapter I, § 7, which reads: "Any officer or employee whose actions or conduct are such as to cause him to be charged, bound over, indicted, or held to answer for

a serious criminal matter, provided such charge is not frivolous and wholly without foundation, shall be subject to disciplinary action."

As stated above, the personnel board and the District Court both upheld this dismissal.

Richardson urges his dismissal was improper, claiming the guidelines set forth by this court in *Ostler v. City of Omaha, supra,* were not followed by the personnel board. The *Ostler* case dealt with the suspension and demotion of the chief of police, C. Harold Ostler, by the public safety director of the City of Omaha. This action was appealed to the personnel board, which affirmed the director's decision. Ostler, by petition in error, claimed, among other things, that the personnel board's decision was improper under the home rule charter of the City of Omaha, in that the board failed to make sufficient written findings. The District Court agreed, sustained the petition in error, and we affirmed that judgment.

Ostler had been charged with violating various portions of the city code and of the rules and regulations of the department of public safety, police division.

The findings of the board in that case were so indefinite that there was no way to determine which sections of the code and/or rules Ostler actually violated. This court said: "The mandate to reduce the findings to writing is a matter of substance. We construe its intention to be to inform the accused of the exact nature of the finding against him. A specific finding is particularly important where, as here, at least a portion of the alleged misconduct is based upon hearsay and alleged remarks appearing in the public press on different occasions. As the district court so well phrased it: 'The critical events in suit span more than three months, and the evidence, years.' . . . It is one thing to make a finding in the language of the statute, which we have held permissible in interpreting decisions of state

administrative agencies. [Citation omitted.] It is quite a different matter, however, to merely refer to the number of the section of the code which might be violated, without particularizing the nature of the violation when the code requires written findings." *Id.* at 522-23, 138 N.W.2d at 831-32.

In *County of Lancaster v. State Board of Equalization & Assessment*, 181 Neb. 738, 150 N.W.2d 886 (1967), citing *Ostler*, we said: " 'The principal motivating force [as to the requirement for findings] is the need of the reviewing court for a clear view of the basis for the agency's action, * * *.' . . . Unless we know the facts found by the State Board, we cannot reasonably pass on the sufficiency of the evidence." *Id.* at 741, 150 N.W.2d at 888.

We do not have the benefit of the findings made in *Ostler*. However, we believe that an examination of those made in the instant case will demonstrate their adequacy. The initial order of dismissal originated from the police division of the department of public safety, which order notified Richardson of his dismissal effective June 20, 1981, as a result of action taken under chapter I, §§ 1 and 7, of the rules and regulations, which rules were then set out in full. The order then recited in some detail the facts supporting such action. This included a specification of a May 21, 1981, arrest as the result of a warrant issued through the county attorney's office charging three felony counts of theft by deception. It further specified that the warrant resulted from complaints received in regard to the business practices of Richardson and his wife in the operation of a kitchen cabinet business, and that Richardson had obtained property by deceptive practices from Leo J. Juranek, Gary Herse, and Lola Wilshusen, the property of each having a value of over $1,000.

The decision and findings of the personnel board recited the fact of the order of the police division suspending and dismissing Richardson effective June 20, 1981, for violations of chapter I, §§ 1 and 7,

of the rules and regulations, and then set forth said sections verbatim. The decision concluded with a finding that Richardson "was in violation of Chapter I, Sections 1 and 7 of the Rules and Regulations of the Police Division of the Public Safety Department," and an order that the appeal be denied.

It is quite apparent that the personnel board considered and passed on the findings of fact made by the acting chief of police and, in affirming such action, impliedly adopted those findings as its own. An examination of the testimony before the board reveals that the only facts considered were those surrounding the obtaining by Richardson of money as set forth in the initial discharge order and the resulting filing of charges. It is clear that Richardson knew exactly with what he was charged before the board hearing and fully understood the reason for his dismissal, and that this court has a clear conception of the basis for the board's action and the rationale of the District Court's affirmance. Administrative findings may be express or implied. *County of Lancaster v. State Board of Equalization & Assessment, supra.*

Richardson also seeks to have chapter I, §§ 1 and 7, declared unconstitutionally vague and overbroad, and thereby overturn his dismissal. The language used in chapter I, § 7, is plain and clear. If an officer is charged with a "serious criminal matter," as long as it is not frivolous, that officer shall be subject to plenary action. While there may be hypothetical situations put to this court under which this regulation may seem vague and overbroad, the facts in this appeal do not present such a case. As previously stated, Richardson was arrested, charged, and bound over on three felony counts of theft by deception. There can be no doubt that this presents a serious criminal matter. Section 7 clearly applies in this case and cannot be said to be vague or overbroad on these facts. "The language here challenged conveys sufficiently definite warning as to

the proscribed conduct when measured by common understanding and practices. The Constitution requires no more." *United States v. Petrillo*, 332 U.S. 1, 8, 67 S. Ct. 1538, 91 L. Ed. 1877 (1947).

Richardson cites *United States v. Harriss,* 347 U.S. 612, 74 S. Ct. 808, 98 L. Ed. 989, (1954), in support of the proposition that a regulation is vague, broad, and indefinite in its meaning if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden . . . ." *Id.* at 617. However, that case goes on to state at 618: "On the other hand, if the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be struck down as vague, even though marginal cases could be put where doubts might arise." We believe that chapter I, § 7, passes constitutional muster. *CSC v. Letter Carriers,* 413 U.S. 548, 93 S. Ct. 2880, 37 L. Ed. 2d 796 (1973).

Finally, Richardson argues that the charges brought against him are frivolous and therefore are not a proper basis for disciplinary actions against him under § 7.

The standard of review in error proceedings is well established. The court's review is solely on the record created by the tribunal whose action is being reviewed. If the record shows the tribunal acted within its jurisdiction and its findings are supported by some competent evidence, its decision must be sustained. *Caniglia v. City of Omaha,* 210 Neb. 404, 315 N.W.2d 241 (1982); *Harnett v. City of Omaha,* 188 Neb. 449, 197 N.W.2d 375 (1972). There is evidence in the record showing Richardson's involvement in this case on which these charges could be based.

Richardson attempts in a motion to remand to call our attention to the fact that the criminal charges filed against him have now been dismissed. It should be sufficient to state that such evidence is not contained in the bill of exceptions and may not be considered by us on appeal. However, we would hasten to add that dismissal of the charges, in and of itself,

in view of the record before us, does not permit us to say as a matter of law that the original charges and bindover were "frivolous and wholly without foundation."

At this time we need not consider the constitutionality of chapter I, § 1, of the rules and regulations of the department of public safety, police division, since § 7 clearly applies in this case and is a sufficient basis on which the personnel board could base its decision.

For the foregoing reasons, the judgment of the District Court was correct and is affirmed.

AFFIRMED.