STATE OF NEBRASKA, APPELLEE, V. ROBERT D. SCHRECK, JR., APPELLANT.
409 N.W.2d 624

Filed July 31, 1987.   No. 86-1013.

Richard L. Kuhlman, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl Schroeder, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

Following a trial by jury the defendant was convicted of the May 26, 1986, assault in the first degree of Richard A. Porter III in Dodge County. This is a Class III felony under the provisions of Neb. Rev. Stat. § 28-308 (Reissue 1985), which provides for a penalty of from 1 to 20 years' imprisonment, or a $25,000 fine, or both such imprisonment and fine. Following a presentence investigation and sentencing hearing, defendant was sentenced to a term of imprisonment of not less than 5 nor more than 12 years.

Defendant has appealed, and the errors assigned and argued in his brief are (1) the court erred in not sustaining his amended

plea in abatement; (2) the court erred in failing to find the statute under which defendant was charged to be unconstitutionally vague, or, in the alternative, the State failed to prove beyond a reasonable doubt that defendant had violated the statute; and (3) the sentence was excessive.

It is defendant's contention that the preliminary hearing failed to produce facts that a crime had been committed. However, we have repeatedly held that any error of a district court in a ruling on a plea in abatement is cured if the evidence at trial is sufficient to permit the jury to find guilt beyond a reasonable doubt. *State v. Baker*, 224 Neb. 130, 395 N.W.2d 766 (1986).

There was competent evidence from which the jury could properly have found beyond a reasonable doubt that defendant, without any cause, deliberately went over to the automobile in which the victim was sitting, forced open the door, and, as the victim started to get out of the vehicle, defendant slammed the door on him, pinning the victim between the door and the doorframe. Defendant then viciously struck the victim four times in the jaw, causing a fracture of the arch of the jaw.

The victim testified that he suffered extreme pain as a result of the assault and had to have an operation to wire the arch of the jaw and to place a metal disk on his face. He was hospitalized for 5 days. According to the examining physician, the victim sustained a depressed fracture of the zygoma, or cheekbone. An open reduction of the fracture was performed, which was necessary to prevent a serious permanent disfigurement.

Section 28-308 provides that a person commits assault in the first degree if he intentionally or knowingly causes serious bodily injury to another person. Neb. Rev. Stat. § 28-109(20) (Reissue 1985) defines serious bodily injury as "bodily injury which involves a substantial . . . risk of serious permanent disfigurement . . . ." Intent with which an act is committed is a mental process and may be inferred from the words and acts of the defendant and from the circumstances surrounding the incident. *State v. Tweedy*, 224 Neb. 715, 400 N.W.2d 865 (1987).

Although there was testimony to the contrary, there was sufficient evidence from which the jury properly could have found, as it did, that defendant intentionally or knowingly caused bodily injury to the victim which involved a substantial risk of serious permanent disfigurement. It is not the province of this court on appeal to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and a guilty verdict returned by a jury must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Eggers*, 220 Neb. 862, 374 N.W.2d 36 (1985). See, also, *State v. Tweedy, supra*. Having determined that the evidence was sufficient to permit the jury to find guilt beyond a reasonable doubt, there is no merit to defendant's contention that his plea in abatement was wrongfully denied.

Defendant's challenge of § 28-308 as being vague must also fail. In the first place, defendant did not raise the constitutional issue in the district court. In order for an issue of constitutionality to be considered on appeal it must have been raised properly in the trial court, and if not so raised it will be considered to have been waived. *State v. Kaiser*, 218 Neb. 556, 356 N.W.2d 890 (1984). Secondly, in order for a defendant to challenge a statute on the ground of vagueness, such defendant must not have engaged in conduct which is clearly prohibited by that statute. *State v. Copple*, 224 Neb. 672, 401 N.W.2d 141 (1987). Such factor is not present here.

Penal statutes must only define a criminal offense with sufficient clarity to enable ordinary people to understand what conduct is prohibited by the statute. *Kolender v. Lawson*, 461 U.S. 352, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983). Furthermore, where the language of a statute challenged conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice, the Constitution requires no more. *Richardson v. City of Omaha*, 214 Neb. 97, 333 N.W.2d 656 (1983). See, also, *State v. Michalski*, 221 Neb. 380, 377 N.W.2d 510 (1985). The language of § 28-308 clearly is not vague.

Finally, defendant complains of the excessiveness of the

sentence. A sentence imposed within statutory limits will not be disturbed on appeal, in the absence of an abuse of discretion by the sentencing court. *State v. Tweedy, supra*. In determining the appropriate sentence, evidence as to a defendant's life, character, and previous conduct is highly relevant. *State v. Dobbins*, 221 Neb. 778, 380 N.W.2d 640 (1986). In this regard, defendant has demonstrated a serious disposition toward antisocial behavior for almost the past 10 years. He has been convicted of two previous felonies for which, in each instance, he was sentenced to a term of imprisonment; he has engaged in prior assaultive behavior which resulted in a term of incarceration; he has been fined or jailed for forgeries, thefts, and bad checks; and he has been found guilty of numerous traffic offenses, including six cases involving driving while his license was suspended, which resulted in jail terms. His actions have demonstrated a total disregard for the law and ordinary rules of social behavior. The crime was a serious one resulting in substantial injury. The seriousness of the offense is an important factor in imposing a sentence. *State v. Swillie*, 218 Neb. 551, 357 N.W.2d 212 (1984).

The sentence in this case was not excessive, and the judgment of the district court is affirmed.

AFFIRMED.